698 So.2d 374 (1997)
STATE of Florida, Appellant,
v.
Corrie RILEY, Appellee.
No. 96-04574.
District Court of Appeal of Florida, Second District.
August 22, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
George I. Sanchez, Palm Harbor, for Appellee.
FULMER, Judge.
Pursuant to Florida Rule of Appellate Procedure 9.160, this court accepts jurisdiction of this appeal from the County Court for Pinellas County in which the following question is certified as one of great public importance: Is a Go-Ped a motor vehicle under section 322.34 of the Florida Statutes? This *375 question arose because Corrie Riley was issued a traffic citation on February 2, 1995, for driving a motor vehicle while his driver's license was suspended or revoked in violation of section 322.34, Florida Statutes (1993). At the time the citation was issued, Riley was riding a go-ped. Riley filed a motion to dismiss the charge on the grounds that a goped is not a motor vehicle and, therefore, he did not need a driver's license. In its order granting the motion to dismiss, the trial court set out a cogent analysis of the applicable statutes and concluded that a go-ped is a motor vehicle. We agree with and, therefore, adopt the following portions of the trial court's order:
In his Motion to Dismiss, the Defendant contends that the vehicle he was operating, commonly referred to as a "go-ped," is not a "motor vehicle" within the meaning of § 322.34, and this is the dispositive issue.
The subject vehicle can be described as a two-wheel scooter with a gasoline-powered engine. It is designed to be operated by a person in the standing position, with the brake and throttle levers located on the upright handlebars. The vehicle has no seat and no pedals, its maximum speed generally does not exceed 30 m.p.h., and the internal combustion engine displacement is approximately 22.5 cubic centimeters.
Section 322.03(1) of the Florida Statutes provides that "... a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver's license ...," and the definition of a "motor vehicle" is found in both § 322.01(26) and § 316.003(21).
Section 322.01(26) defines a motor vehicle as:
... any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in s. 316.003.
Applying this definition, the subject vehicle is a self-propelled vehicle, it is not moved solely by human power, and it is not a motorized wheelchair. The subject vehicle is also not a motorized bicycle under § 316.003(2), which defines a motorized bicycle as a vehicle propelled by a combination of human power and an electric helper motor rated at not more than 200 watts and incapable of propelling the vehicle at a speed of not more than 10 m.p.h. on level ground. In view of the foregoing, the "goped" is a motor vehicle as defined in § 322.01(26).
The other definition of a motor vehicle under § 316.003(21), defines a motor vehicle as "[A]ny self-propelled vehicle not operated upon rails or guideway, but not including any bicycle or moped." The "goped" is not a bicycle, and the only remaining motor vehicle exception is a "moped." Section 316.003(77) defines a moped as:
Any vehicle with pedals to permit propulsion by human power, having a seat or saddle for the use of the rider and designed to travel on not more than 3 wheels; with a motor rated not in excess of 2 brake horsepower and not capable of propelling the vehicle at a speed greater than 30 miles per hour on level ground; and with a power-drive system that functions directly or automatically without clutching or shifting gears by the operator after the drive system is engaged. If an internal combustion engine is used, the displacement may not exceed 50 cubic centimeters.
The "go-ped" is not a moped as defined under § 316.003(77), as it has no pedals to permit propulsion by human power, and has no seat or saddle.
Based on the foregoing, it is clear that the "go-ped" is a "motor vehicle" as defined in § 322.01(26) and § 316.003(21), and that neither the motorized wheelchair, motorized bicycle, bicycle or moped exceptions apply. There are no other statutory exceptions.
Although Defendant urges this Court to declare that the "go-ped" should not be treated as [a] motor vehicle, based on the vehicle size, speed, engine size, and mobility, this Court believes that these matters are more appropriately addressed by the Legislature, given the plain language of the foregoing statutory definitions. Jus dicere, et non jus dare.

Having initially reached what we consider to be a correct conclusion of law, the *376 trial court declined to apply that conclusion "in order to avoid inconsistent rulings on the precise issue in the same jurisdiction."[1] The trial court referred to and attached a copy of an order in which another county judge in the same county apparently declined to conclude that a go-ped is a motor vehicle because to do so would "defy the basic rule of common sense." While we do not necessarily disagree with this observation, we find no ambiguity in the applicable statutes and, therefore, we may not rewrite them by judicial construction. "Ambiguity is a prerequisite to judicial construction and in the absence of ambiguity the plain meaning of the statute prevails." Kelder v. ACT Corp., 650 So.2d 647, 649 (Fla. 5th DCA 1995).
We hold that a "go-ped," as defined in this opinion, is a motor vehicle within the plain meaning of the Florida Statutes and, therefore, a valid driver's license is required for its operation. Accordingly, the certified question is answered in the affirmative, the order dismissing the charge against Riley is reversed, and this case is remanded for proceedings consistent with this opinion.
Reversed and remanded.
LAZZARA, A.C.J., and WHATLEY, J., concur.
NOTES
[1] While we understand the trial court's desire to maintain uniformity within the county court, we note that decisions of one county court are not binding precedent on another county court because "[t]rial court's do not create precedent." State v. Bamber, 592 So.2d 1129, 1132 (Fla. 2d DCA 1991), approved, 630 So.2d 1048 (Fla.1994).