PER CURIAM.
Appellant, Danny Ray Hinson, appeals his conviction and sentence for felony driving while license suspended or revoked (DWLS). We affirm.
Appellant was driving a three-wheeled all-terrain-vehicle (ATV) on the highway when he was stopped by a highway patrol officer for a taillight violation. Appellant was subsequently arrested and convicted for driving under the influence of alcohol (DUI) and for felony DWLS. He now appeals his conviction for felony DWLS, claiming that the trial court erroneously defined “highway” and “motor vehicle” in its instructions to the jury. He contends that he was driving on the shoulder of the road, and was only temporarily on the paved portion to *679 avoid a ditch; that a driver’s license is not required for driving on the shoulder of the highway, and therefore, that the trial court erred in defining “highway” as the entire right-of-way.[1] We note that appellant did not object to these instructions, and therefore, this claim has not been preserved for review. See Bell v. State, 699 So.2d 674 (Fla.1997). However, even if this claim had been properly preserved, we find it to be without merit. Appellant argues that the trial court should have used the definition of “roadway” found in section 316.003(42), Florida Statutes (1995), because that definition refers only to the paved portion of the highway and excludes the shoulder. As the term “highway” is specifically defined in sections 322.01(38) and 316.003(53), Florida Statutes, there would be no justification for ignoring those sections and substituting the definition of “roadway” under the circumstances of this case.
Appellant also contends that a three-wheeled ATV does not qualify as a motor vehicle under section 322.01(26), Florida Statutes (1995), and therefore, a driver’s license is not required for its operation on the highways of this state. That section defines “motor vehicle” as
any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in s. 316.001.
Motorized wheelchairs, motorized bicycles, and mopeds are the motorized vehicles specifically excepted from this section. Thus, although the trial court erroneously included “mopeds” in its definition of “motor vehicle,” this error was harmless because appellant’s three-wheeled ATV does not qualify as any of the designated exceptions. Compare State v. Riley, 698 So.2d 374 (Fla. 2d DCA 1997) (answering in the affirmative a certified question from the county court regarding whether a go-ped is a motor vehicle within the meaning of the Florida Statutes and requires a license for its operation).
Appellant’s remaining claim regarding his sentencing as a habitual offender was not properly preserved through objection at sentencing or in a timely 3.800(b) motion, see Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997) and is without merit. Accordingly, we affirm.
JOANOS and WOLF, JJ., and SMITH, LARRY G., Senior Judge, concur.

. Appellant argues that although witnesses for the state testified that he was driving on the paved portion of the highway at all times, the jury should have been free to reject this evidence and to believe the contradictory evidence on this issue.