711 So.2d 1275 (1998)
Virgilio SOTO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1516.
District Court of Appeal of Florida, Fourth District.
May 20, 1998.
Rehearing Denied June 18, 1998.
Richard L. Jorandby, Public Defender, Mallorye G. Cunningham and Siobhan Helene Shea, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
*1276 KLEIN, Judge.
Appellant, whose driver's license had previously been suspended, was given a ticket for driving a moped while license suspended and charged with a felony because it was a third violation. Appellant moved to dismiss on the ground that a moped is not a motor vehicle which requires a license under chapter 322, Florida Statutes, our licensing statute. The trial court denied the motion to dismiss, and appellant pled guilty, reserving the right to appeal the denial of the motion to dismiss, which was dispositive. We affirm.
Section 322.03(1), Florida Statutes (1995) provides:
Drivers must be licensed; penalties.
(1) Except as otherwise authorized in this Chapter, a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver's license under the provisions of this chapter.
Section 322.01(26) defines "Motor vehicle" as:
[A]ny self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in section 316.003.
Appellant does not argue that a moped is a motorized bicycle,[1] or that it comes within any of the other exceptions of the definition in chapter 322 (Driver's Licenses). Rather, the appellant relies on the fact that in other chapters motor vehicles are defined to exclude mopeds. For example, in the chapter entitled "Uniform Traffic Control" a motor vehicle is defined as excluding bicycles and mopeds, § 316.003(21), Fla. Stat. (1995), and, in the chapter entitled "Financial Responsibility," a motor vehicle is also defined as excluding mopeds, § 324.011(1), Fla. Stat. (1995).
Appellant argues that these different definitions create an ambiguity which, under the principle of lenity, should be interpreted favorably to the accused. § 775.021(1), Fla. Stat. (1995).
The problem with appellant's argument is that he cannot point to any ambiguity in chapter 322, which is the only chapter which explains who is required to have a driver's license. The fact that there are different definitions in other chapters does not make the definition of motor vehicle in chapter 322 unclear. There is no reason why the Legislature cannot define motor vehicles one way for licensing requirements, and another way for infractions or financial responsibility.
The legislature's intent to require moped drivers to be licensed is confirmed by section 322.16(2)(c) and (f), which contains specific provisions providing for the operation or rental of motorcycles and mopeds by those with restricted licenses.
In State v. Riley, 698 So.2d 374, 375 (Fla. 2d DCA 1997), the second district concluded that a "go-ped," a scooter with a gasoline-powered engine, is a motor vehicle within the definition of chapter 322 and requires a driver's license. We agree with that holding. In arriving at that conclusion, however, the second district suggested that if the vehicle in question had been a moped, rather than a go-ped, the outcome would have been different. We do not agree with the dicta regarding mopeds.[2]
Because a moped is a "self-propelled vehicle," and is not excluded from the definition of a motor vehicle in section 322.01(26), we *1277 conclude that driving a moped requires a license.[3] We therefore affirm.
FARMER and STEVENSON, JJ., concur.
NOTES
[1] A motorized bicycle is referred to in the definition of a bicycle in section 316.003(2), Florida Statutes, as being a "bicycle propelled by a combination of human power and an electric helper motor rated at not more than 200 watts and capable of propelling the vehicle at a speed of not more than 10 miles per hour on level ground."
[2] We are not certifying conflict with Riley because the language in Riley regarding mopeds was pure dicta, and is thus "without force as precedent." State ex rel. Biscayne Kennel Club v. Board of Bus. Regulation of Dept. of Bus. Regulation of State, 276 So.2d 823, 826 (Fla.1973). Because it is not precedent, it does not bind trial courts within the second district, but rather those courts are bound by this decision in the absence of any other precedent. State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976)(Circuit Court for Palm Beach County is bound by the decision of the First District Court of Appeal in the absence of precedent from the Fourth District Court of Appeal).
[3] The state also relies on an advisory opinion written by the general counsel of the Department of Motor Vehicles addressed to the Brevard County Sheriff's office stating that the driver of a moped is required to have a driver's license. Citing Department of Health & Rehabilitative Services v. A.S., 648 So.2d 128 (Fla.1995), the state argues that the administrative interpretation of a statute by an agency responsible for its administration is entitled to great weight. Our conclusion that the statute is not ambiguous makes it unnecessary for us to consider the advisory opinion. We note, however, that there is authority for the proposition that in a criminal case, the interpretation of an ambiguous statute by an agency gives way to the rule of lenity. Crandon v. U.S., 494 U.S. 152, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990).