The Honorable Howard E. Futch Senator, District 18 Post Office Box 33100 Indialantic, Florida 32903-3100 Chief Fred Fernez Indian Harbour Beach Police Department 40 Cheyenne Court Indian Harbour Beach, Florida 32937
Dear Senator Futch and Chief Fernez:
You ask substantially the following question:
Are motorized scooters subject to the equipment and safe driving requirements of a motor vehicle or the provisions relating to mopeds or "electric personal assistive mobility devices" prescribed in Chapter 316, Florida Statutes?
In sum:
As of July 1, 2002, motorized scooters are excluded from the definition of "motor vehicle" for purposes of Chapter 316, Florida Statutes, and therefore are not subject to the equipment and safe driving requirements of a motor vehicle contained in that chapter, nor are the provisions relating to mopeds or "electric personal assistive mobility devices" prescribed in Chapter 316, Florida Statutes, applicable to motorized scooters.
In Attorney General Opinion 93-45, this office concluded that a motorized scooter powered by a gasoline engine with a maximum speed of 20 miles per hour may be characterized as a "motor vehicle" pursuant to section316.003(21), Florida Statutes 1993, and that the drivers and operators of these scooters were subject to the provisions of Chapter 316, Florida Statutes, governing vehicles and vehicular traffic. At that time, section316.003(21) defined "motor vehicle" as "[a]ny self-propelled vehicle not operated upon rails or guideway, but not including any bicycle or moped."[1]
You have advised this office that the Department of Highway Safety and Motor Vehicles has stated that "go-peds," motorized scooters, are subject to the regulations regarding equipment and safe driving requirements of a motor vehicle as mandated by Chapter 316, Florida Statutes.[2] In addition, the department, relying on the opinion of the Second District Court of Appeal in State v. Riley,[3] has concluded that a go-ped driver is required to have a driver's license.[4]
During the 2002 legislative session, however, the Legislature amended the definition of "motor vehicle," effective July 1, 2002. Section 67 of Chapter 02-20, Laws of Florida, amends section 316.003(21) to define "motor vehicle" as
"[a]ny self-propelled vehicle not operated upon rails or guideway, but not including any bicycle, motorized scooter, electric personal assistive mobility device, or moped."
Section 67 of Chapter 02-20, supra, also adds subsections (82) and (83) to section 316.003, Florida Statutes, which respectively define "motorized scooter" and "electric personal assistive mobility device":
"(82) MOTORIZED SCOOTER. Any vehicle not having a seat or saddle for the use of the rider, designed to travel on not more than three wheels, and not capable of propelling the vehicle at a speed greater than 30 miles per hour on level ground.
(83) ELECTRIC PERSONAL ASSISTIVE MOBILITY DEVICE. Any self-balancing, two-nontandum-wheeled device, designed to transport only one person, with an electric propulsion system with average power of 750 watts (1 horsepower), the maximum speed of which, on a paved level surface when powered solely by such a propulsion system while being ridden by an operator who weighs 170 pounds, is less than 20 miles per hour. Electric personal assistive mobility devices are not vehicles as defined in this section."
Section 68 of Chapter 02-20, Laws of Florida, creates section 316.2068, Florida Statutes, which provides:
"316.2068 Electric personal assistive mobility devices; regulations. — (1) An electric personal assistive mobility device, as defined in s. 316.003, may be operated: (a) On a road or street where the posted speed limit is 25 miles per hour or less. (b) On a marked bicycle path. (c) On any street or road where bicycles are permitted. (d) At an intersection, to cross a road or street even if the road or street has a posted speed limit of more than 25 miles per hour. (e) On a sidewalk, if the person operating the device yields the right-of-way to pedestrians and gives an audible signal before overtaking and passing a pedestrian. (2) A valid driver's license is not a prerequisite to operating an electric personal assistive mobility device. (3) Electric personal assistive mobility devices need not be registered and insured in accordance with s. 320.02. (4) A person who is under the age of 16 years may not operate, ride, or otherwise be propelled on an electric personal assistive mobility device unless the person wears a bicycle helmet that is properly fitted, that is fastened securely upon his or her head by a strap, and that meets the standards of the American National Standards Institute (ANSI Z Bicycle Helmet Standards), the standards of the Snell Memorial Foundation (1984 Standard for Protective Headgear for Use in Bicycling), or any other nationally recognized standards for bicycle helmets which are adopted by the department. (5) A county or municipality may prohibit the operation of electric personal assistive mobility devices on any road, street, or bicycle path under its jurisdiction if the governing body of the county or municipality determines that such a prohibition is necessary in the interest of safety. (6) The Department of Transportation may prohibit the operation of electric personal assistive mobility devices on any road under its jurisdiction if it determines that such a prohibition is necessary in the interest of safety."
Thus, effective July 1, 2002, motorized scooters as defined by section316.003(82), Florida Statutes, as amended, are expressly excluded from the definition of "motor vehicles" for purposes of Chapter 316, Florida Statutes. Accordingly, the provisions of that chapter that prescribe various equipment and safe driving requirements of motor vehicles are no longer applicable to "motorized scooters."
Moreover, the provisions relating to the operation of mopeds would not be applicable to "motorized scooters" since such scooters, which have no seat or saddle for a rider's use, do not fall within the definition of "mopeds" contained in section 316.003(77), Florida Statutes. Thus, such provisions as sections 316.208 and 316.2085, Florida Statutes, which set forth the responsibilities of persons operating a motorcycle or moped, or section 316.211, Florida Statutes, which prescribes the equipment for motorcycle and moped riders, are inapplicable to motorized scooters.[5]
Similarly, the requirement of section 316.2068, Florida Statutes, as created by section 68, Chapter 02-20, Laws of Florida, imposing certain regulations on electric personal assistive mobility devices, apply only to such devices as defined in section 316.003(83), Florida Statutes, as amended. I would note, however, that the definition of "motor vehicle" contained in section 322.01(26), Florida Statutes, for purposes of that chapter relating to driver's licenses, has not been amended and still defines "motor vehicle" as "any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in s. 316.003."[6]
In light of the above, the Legislature may wish to readdress these issues and clarify its intent regarding the operation of motorized scooters in this state.
Accordingly, I am of the opinion that as of July 1, 2002, motorized scooters are excluded from the definition of "motor vehicle" for purposes of Chapter 316, Florida Statutes, and therefore are not subject to the equipment and safe driving requirements of a motor vehicle contained in that chapter, nor are the provisions relating to mopeds or "electric personal assistive mobility devices" prescribed in Chapter 316, Florida Statutes, applicable to motorized scooters.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] The definition of bicycle clearly excludes scooters from its terms. See, s. 316.003(2), Fla. Stat., and a scooter does not fall within the statutory definition of a moped since the scooter has no seat or saddle for the rider's use. See, s. 316.003(77), Fla. Stat., defining "moped."
[2] See, Letter from Mr. Peter N. Stoumbelis, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, to Mr. William A. Spillias, Boca Raton Police Services Department, dated April 22, 1999.
[3] 698 So.2d 374 (Fla.2d DCA 1997) (two-wheeled scooter with gasoline powered engine was "motor vehicle" requiring valid driver's license for its operation).
[4] Letter from Peter N. Stoumbelis, supra.
[5] When a law mentions the things upon which it is to operate, or forbids certain things, it is ordinarily construed as excluding from its operation all things not expressly mentioned. See, e.g., Young v.Progressive Southeastern Insurance Company, 753 So.2d 80 (Fla. 2000);Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); Thayer v. State, 335 So.2d 815
(Fla. 1976).
[6] While s. 322.01(26), Fla. Stat., does not refer to electric personal assistive mobility devices, s. 316.2068(2), Fla. Stat., as created by s. 68, Ch. 02-20, Laws of Florida, states that a valid driver's license is not a prerequisite to operating a personal assistive mobility device. There is no similar provision, however, for motorized scooters.