849 So.2d 1127 (2003)
STATE of Florida, Appellant,
v.
Melissa MEISTER, Appellee.
No. 4D02-3528.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellant.
Alan H. Schreiber, Public Defender, and Sarah W. Sandler, Assistant Public Defender, Fort Lauderdale, for appellee.
SHAHOOD, J.
Appellant, State of Florida, appeals from an order of the County Court granting appellee's motion to dismiss on the grounds that section 322.34(2), Florida Statutes (2001), is unconstitutionally vague as applied to appellee. We reverse and remand with directions to the trial court to reinstate the charges against appellee.
Appellee, Melissa Meister, whose driver's license had previously been suspended, was charged by information with driving while license suspended. Appellee moved to dismiss the Information against her on the grounds that section 322.03(1), Florida Statutes (2001), is unconstitutional on its face, and as applied to her, and that it is overbroad and vague. Meister alleged that she was arrested while riding a moped and charged with driving with a suspended license. She argued that section 322.03(1) does not provide a clear meaning of the conduct which is prohibited by statute, *1128 thereby rendering it unconstitutionally vague. At the hearing on the motion to dismiss, appellee argued that a motor vehicle, which is defined in section 316.003(21), Florida Statutes, specifically excludes bicycles and mopeds from the definition. Thus, it would be reasonable to assume that a moped is not a motor vehicle. In addition to arguing that other statutes do not consider a moped a motor vehicle, appellee argued that section 322.34(2), concerning licenses to drive a motor vehicle, was unconstitutional as applied. The court held that not only was the definition in section 322.03 at issue but whether 322.34(2) was unconstitutional as applied was also at issue. After hearing argument, the court granted appellee's motion to dismiss declaring section 322.34(2) unconstitutionally vague as applied to the facts of this case.
Section 322.34(2), Florida Statutes (2001), states as follows:
Any person whose driver's license or driving privilege has been canceled, suspended, or revoked as provided by law, except persons defined in s. 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked, upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(emphasis added).
Section 322.03(1), Florida Statutes (2001), provides:
Driver must be licensed; penalties
(1) Except as otherwise authorized in this chapter, a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver's license under the provisions of this chapter.
(emphasis added).
Section 322.01(26), Florida Statutes (2001), defines "motor vehicle" as follows:
"Motor vehicle" means any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in s. 316.003.
In Soto v. State, 711 So.2d 1275 (Fla. 4th DCA 1998), the defendant, whose driver's license had previously been suspended, was cited for driving a moped with a suspended license. He moved to dismiss on the ground that a moped is not a motor vehicle which requires a license under chapter 322, the licensing statutes. The trial court denied the motion.
In affirming, this court rejected defendant's argument that in other chapters motor vehicles are defined to exclude mopeds. After citing various other definitions, defendant argued that the different definitions created an ambiguity which, under the principle of lenity, should be interpreted favorably to the accused. See id. at 1276. This court explained:
The problem with appellant's argument is that he cannot point to any ambiguity in chapter 322, which is the only chapter which explains who is required to have a driver's license. The fact that there are different definitions in other chapters does not make the definition of motor vehicle in chapter 322 unclear. There is no reason why the *1129 Legislature cannot define motor vehicles one way for licensing requirements, and another way for infractions or financial responsibility.
The legislature's intent to require moped drivers to be licensed is confirmed by section 322.16(2)(c) and (f), which contains specific provisions providing for the operation or rental of motorcycles and mopeds by those with restricted licenses.
Id. This court then held that because a moped is a "self-propelled vehicle" and is not excluded from the definition of a motor vehicle in section 322.01(26), that driving a moped requires a license. See id. at 1277; see also Wood v. State, 717 So.2d 617 (Fla. 1st DCA 1998)(a moped is a "motor vehicle" which requires a driver's license for operation under section 322.34); Jones v. State, 721 So.2d 320 (Fla. 2d DCA 1998)(a valid driver's license is required for the operation of a moped under section 322.34(2)).
In this case, many of the arguments raised by appellee were rejected by the court in Soto. Although the constitutionality of section 322.34 was not raised in Soto, this court, in affirming Soto's conviction, held that driving a moped requires a license because a moped is not excluded from the definition of a motor vehicle in section 322.01(26). Soto, 711 So.2d at 1276-77. By so concluding, this court impliedly held that there is no vagueness or ambiguity in section 322.34 with respect to mopeds which would render the statute unconstitutionally vague. Based on Soto, we reverse and remand with directions to reinstate the charges against appellee.
REVERSED AND REMANDED.
FARMER, C.J., and KLEIN, J., concur.