Chief Larry W. Mathieson Ormond Beach Police Department 170 West Granada Boulevard Ormond Beach, Florida 32174
Dear Chief Mathieson:
You raise several questions regarding the use of "go-peds" or motorized scooters in Florida. Your questions may be stated as follows:
1. May motorized scooters be operated on public roads and, if so, is a driver's license required?
2. May such scooters be operated on sidewalks?
As your questions are interrelated, they will be answered together.
Several court decisions have concluded that motorized scooters constitute "motor vehicles."[1] As this office noted in Attorney General Opinion 02-47, the 2002 Florida Legislature removed "motorized scooters" from the definition of "motor vehicle" for purposes of Chapter 316, Florida Statutes. The Legislature did not, however, similarly amend the definition of "motor vehicle" for other chapters relating to the operation of such vehicles in Florida. Thus, as the opinion pointed out, while the provisions of Chapter 316 that prescribe various equipment and safe driving requirements of motor vehicles are no longer applicable to "motorized scooters," the provisions of other chapters that do not exempt "motorized scooters" from the definition of motor vehicles may be applicable.
For example, the definition of "motor vehicle" contained in section 322.01(26), Florida Statutes, for purposes of that chapter relating to driver's licenses, has not been amended and still defines "motor vehicle" as "any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in s.316.003." Section 322.03(1), Florida Statutes, provides that except as authorized in Chapter 322, Florida Statutes, "a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver's license under the provisions of this chapter." Since a motorized scooter still falls within the definition of "motor vehicle" as provided in section 322.01(26), section 322.03 would appear to prohibit a person from driving such a vehicle on the highways of this state unless licensed.[2] This office has been advised by the Department of Highway Safety and Motor Vehicles that a Class E license generally would be required.
Similarly, the definition of "motor vehicle" for purposes of Chapter 320, Florida Statutes, includes "[a]n automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power, but the term does not include traction engines, road rollers, such vehicles as run only upon a track, bicycles, or mopeds."[3] Such a definition would appear to include motorized scooters.
Section 320.02, Florida Statutes, requires, except as otherwise provided in Chapter 320, Florida Statutes, that every owner or person in charge of a motor vehicle operated or driven on the roads of this state register the vehicle in this state. The Department of Highway Safety and Motor Vehicles, however, has stated that section 320.08, Florida Statutes, which provides for license taxes for the registration of motor vehicles, does not contain a classification for motorized scooters or go-peds. Thus, the department has stated that since section 320.02 requires that every motor vehicle operating on the roads of this state be registered and since such vehicles cannot be registered, they may not be operated on the roads of this state.[4]
Section 316.1995, Florida Statutes, provides that "[n]o person shall drive any vehicle other than by human power upon a bicycle path, sidewalk, or sidewalk area, except upon a permanent or duly authorized temporary driveway. . . ." (e.s.) As noted above, section 316.003(21), Florida Statutes, excludes motorized scooters from the definition of "motor vehicle" for purposes of Chapter 316. Motorized scooters, however, are not exempted from the definition of "vehicle" in section 316.003(75), Florida Statutes, which defines that term as "[e]very device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." Thus, motorized scooters appear to be prohibited from operating on sidewalks.
As this office noted in Attorney General Opinion 02-47, the 2002 Legislature also created section 316.2068, which relates to electric personal assistive mobility devices and provides that such devices may be operated on roads where the posted speed is 25 miles per hour or less, on marked bicycle paths, and on sidewalks. The statute provides that a driver's license is not required to operate such a device and such devices need not be registered and insured in accordance with section 320.02, Florida Statutes. A person under 16 years of age may not operate, ride or be propelled on such a device unless wearing a bicycle helmet. The statute also recognizes the authority of local government and the Department of Transportation to prohibit such devices on roads within their jurisdiction when such a prohibition is necessary in the interests of safety. These provisions, however, relate only to electric personal assistive mobility devices as that term is defined in section 316.003(83), Florida Statutes.[5] Thus, section 316.2068, Florida Statutes, as the last expression of the Legislature's intent, would permit electric personal assistive mobility devices to be operated on certain roads and on sidewalks without a driver's license and without being registered.[6]
Accordingly, I am of the opinion that pursuant to Chapter 322, Florida Statutes, the operator of any motor vehicle, including motorized scooters, on the public roadways is required to have a driver's license. The definition of "motor vehicle" in Chapter 320, Florida Statutes, also includes motorized scooters. While that chapter requires any motor vehicle to be registered, there is no classification for motorized scooters and the Department of Highway Safety and Motor Vehicles has therefore advised that since such vehicles may not be registered, they may not be operated on the public streets and roads. While motorized scooters are excluded from the definition of "motor vehicle" for purposes of Chapter 316, Florida Statutes, they still constitute "vehicles" as that term is defined in Chapter 316, and therefore are prohibited from operating on sidewalks. Electric personal assistive mobility devices, however, are specifically authorized to be operated on certain roads and on sidewalks without a driver's license and without being registered.
This office suggested in Attorney General Opinion 02-47 that the Legislature may wish to readdress these issues and clarify its intent regarding the operation of motorized scooters in this state. In light of the lack of consistency in the way these issues are treated in the Florida Statutes, I would suggest that the Legislature reexamine this area of the law.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, e.g., State v. Riley, 698 So.2d 374 (Fla. 2d DCA 1997). And see, s. 316.003(82), Fla. Stat., defining "Motorized scooter" as "[a]ny vehicle not having a seat or saddle for the use of the rider, designed to travel on not more than three wheels, and not capable of propelling the vehicle at a speed greater than 30 miles per hour on level ground."
[2] See, s. 322.01(38), Fla. Stat., defining "Street or highway" for purposes of the chapter to mean "entire width between the boundary lines of a way or place if any part of that way or place is open to public use for purposes of vehicular traffic."
[3] See, s. 320.01(1)(a), Fla. Stat. And see, s. 320.01(1)(b), Fla. Stat.
[4] See, the department's webpage at: http:www.fhp.state.fl.us/html/FAQ/fhpfaqsa.html.
[5] See, s. 316.003(83), Fla. Stat., defining "ELECTRIC PERSONAL ASSISTIVE MOBILITY DEVICE" as "[a]ny self-balancing, two-nontandem-wheeled device, designed to transport only one person, with an electric propulsion system with average power of 750 watts (1 horsepower), the maximum speed of which, on a paved level surface when powered solely by such a propulsion system while being ridden by an operator who weighs 170 pounds, is less than 20 miles per hour. Electric personal assistive devices are not vehicles as defined in this section."
[6] See, e.g., Askew v. Schuster, 331 So.2d 297 (Fla. 1976);Florida Association of Counties, Inc. v. Department ofAdministration, Division of Retirement, 580 So.2d 641, 642 (Fla. 1st DCA 1991), approved, 595 So.2d 42 (Fla. 1992) (general rule is that in cases of conflicting statutory provisions, latter expression of Legislature will prevail over former). And see, s.316.003(83), Fla. Stat., defining electric personal assistive mobility device and stating that such devices are not vehicles as defined in s. 316.003.