HAZOURI, J.
Appellant, Israel Fonseca, Jr., appeals his conviction and sentence for two counts of first-degree murder with a firearm and one count of shooting into an occupied vehicle. We affirm.
Fonseca’s first claim of error is that the trial court committed per se reversible error by having an in court ex parte communication with an assistant state attorney about jury instructions, thus denying him a right to counsel at a critical stage in the proceedings. We disagree.
A charge conference is a critical stage of the proceedings to which the right to counsel attaches. See Wilson v. State, 764 So.2d 813, 816 (Fla. 4th DCA 2000) (recognizing that “[tjrial, sentencing, and direct appeal are all critical stages at which a defendant is entitled to counsel.”). Fonseca asserts that the denial of a defendant’s constitutional right to counsel is per se reversible error. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). However, this court rejected that blanket notion in Fruetel v. State, 638 So.2d 966, 971-72 (Fla. 4th DCA 1994), where this court applied harmless error analysis to a defendant’s claim that the trial court erred when it proceeded to determine which tape would be played in the absence of the defendant and her counsel.
Although the ex parte conversation was error in that it deprived Fonseca of a right to counsel during a critical stage of the proceedings, the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986). The absence of Fonseca’s counsel during a portion of the charge conference did not contribute to the judgment of conviction. When defense counsel arrived, the trial court advised defense counsel and the lead prosecutor that the introduction to homicide contained in the standard jury instructions would be given. Neither party objected. The trial court then inquired whether the prosecutor wanted first-degree murder as a lesser included offense, and the prosecutor responded that she did not. Therefore, the substance of the ex parte conversation was addressed when defense counsel and the lead prosecutor arrived in court and no substantial changes were made to the jury instructions as a result of the conversation. Defense counsel did not object to the instructions read by the trial court. Moreover, Fonseca was without counsel for only a brief period of time, no evidence was presented, and no instruction to the jury occurred at a time when Fonseca was without representation. See Wilson, 764 So.2d at 818-19.
Fonseca contends next that the trial court improperly denied his motion for *1261 judgment of acquittal because the evidence in this case is wholly circumstantial, and his reasonable hypothesis of innocence that his co-defendant and a third unidentified person committed the charged crimes was unrebutted by the state. We disagree.
In Pagan v. State, 830 So.2d 792 (Fla.2002), the Florida Supreme Court explained:
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. See Tibbs v. State, 397 So.2d 1120 (Fla.1981). Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. See Donaldson v. State, 722 So.2d 177 (Fla.1998); Terry v. State, 668 So.2d 954, 964 (Fla.1996). If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction. See Banks v. State, 732 So.2d 1065 (Fla.1999). However, if the State’s evidence is wholly circumstantial, not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant’s reasonable hypothesis of innocence. See Orme v. State, 677 So.2d 258 (Fla.1996).
Pagan, 830 So.2d at 803. In essence, “ ‘[a] motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.’” E.H.A. v. State, 760 So.2d 1117, 1119 (Fla. 4th DCA 2000) (quoting Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998)).
Although we agree that the heightened standard explained in Pagan applies to this case, we nonetheless affirm the trial court’s denial of a judgment of acquittal. Based upon our review of the entire record, we conclude that the state not only presented sufficient evidence to establish each element of the charged offense, but the evidence also excluded Fonseca’s assertion that there was a third unidentified person who was the second shooter.

Affirmed.

WARNER and POLEN, JJ., concur.