968 So.2d 115 (2007)
STATE of Florida, Appellant,
v.
Antonio MANCHADO, Appellee.
No. 4D07-30.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
*116 Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, J.
The state appeals an order of dismissal under Florida Rule of Criminal Procedure 3.190(c)(4) of the charge of felony driving while license revoked as a habitual offender in violation of section 322.34(5), Florida Statutes. The charge arose when appellee, Antonio Manchado, was stopped by law enforcement for operating a gas powered mini motorcycle with no license tag. He claimed that a driver's license was not required to drive the motorcycle. We reverse, because the motorcycle came within the definition of a motor vehicle and required a license to operate.
Manchado claimed that the mini pocket motorcycle had "an engine displacement that does not exceed 50 cubic centimeters" and "a top speed that does not exceed 30 miles per hours on level ground." Thus, it was not a motor vehicle within the meaning of section 322.01, and he was not required to have a driver's license while operating it. The state filed a motion to strike and/or traverse contesting the motion to dismiss on several grounds, including Manchado's claim that the motorcycle was not a motor vehicle and that a driver's license was not required to operate it.
This issue may be resolved simply by referring to the statutes, as they are not ambiguous. See Soto v. State, 711 So.2d 1275 (Fla. 4th DCA 1998).
Section 322.03(1) states, "[E]xcept as otherwise authorized in this chapter, a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver's license under the provisions of this chapter." Section 322.01(26) defines a "motor vehicle" as "any self-propelled vehicle, including a motor vehicle combination, not operated upon rails or guideway, excluding vehicles moved solely by human power, motorized wheelchairs, and motorized bicycles as defined in s. 316.003." A motorized bicycle is defined, in part, as a vehicle not capable of exceeding a speed of twenty miles per hour. § 316.003(2), Fla. Stat. A motorcycle is defined, in part, as "a motor vehicle powered by a motor with a displacement of more than 50 cubic centimeters. . . ." § 322.01(25), Fla. Stat.
The vehicle at issue falls within the definition of a motor vehicle in chapter 322 as it is self-propelled, not operated upon rails or guideway, and does not fall within any of the exclusions as it is not moved solely by human power nor is it a motorized wheelchair. § 322.01(26), Fla. Stat. Manchado did not allege that the vehicle fell within the exception for motorized bicycles. A motorized bicycle by definition is not capable of exceeding a speed of twenty miles per hour, whereas here it was alleged that the vehicle could not exceed thirty miles per hour. § 316.003(2), Fla. Stat. Because the vehicle is self-propelled *117 and not excluded from the definition of a motor vehicle, Manchado was required to have a license in order to operate it. The court erred in granting the motion to dismiss.
Reversed.
GUNTHER and GROSS, JJ., concur.