FORST, J.
.Appellant Samuel Medrano was found guilty of burglary of a dwelling, possession of burglary tools, and grand theft of a motor vehicle under sections 810.02, 810.06, and 812.014, Florida Statutes (2013). He was sentenced to fifteen years in prison. Appellant raises three issues on appeal: (1) the trial court erred in denying *414 Appellant’s motion for judgment of acquittal on the grand theft of a motor vehicle charge; (2) the trial court erred in its instruction to the jury on the definition of the words “motor vehicle”; and (3) the trial court erred in denying Appellant’s motion for judgment of acquittal on the burglary of a dwelling charge. We affirm the trial court’s actions on all three issues.
Background
Appellant’s residence was searched with consent as part of an investigation of stolen property. The searching detective found a utility trailer which had been stolen from a carport attached to the victim’s Okeechobee house, which the victim periodically used as her dwelling. The carport shared one wall with the house. It also had a back wall, and was supported in the opposite corner by a post. The house’s roof extended over the carport. In addition to the trailer, the victim stored other personal items such as a ladder and bin in the carport. Prior to the theft, the trailer was all the way in the carport, backed up against the back wall. The trailer did not have its own motor; it had a hitch so that it could be attached to and moved by a separate vehicle.
At trial, Appellant moved for judgment of acquittal on the theft of a motor vehicle charge, arguing that the State failed to prove the trailer was in fact a “motor vehicle.” The trial court denied the motion, noting that, in the light most favorable to the State, the evidence established that the trailer met the definition of a “motor vehicle.” Appellant also moved for judgment of acquittal on the burglary charge, arguing that the carport was not enclosed and therefore was not a structure. The trial court denied the motion, concluding that the State established that the carport was both a structure and a dwelling “and that it is in part of that protected area and curtilage of the dwelling.”
While delivering the jury instructions, the trial judge stated:
The word “motor vehicle” means an automobile, truck, or a trailer operated on the roads of this state used to transport persons or property and propelled by power other than muscle power.
Appellant did not object to this jury instruction.
The jury found Appellant guilty of burglary of a structure and checked the “Yes” box indicating that it was proven beyond a reasonable doubt that the structure was a dwelling. The jury also found Appellant guilty of grand theft and checked the ‘Tes” box indicating that it was proven beyond a reasonable doubt that the property stolen was a motor vehicle.
Analysis
A. The Proper Definition of “Motor Vehicle”
“In reviewing a motion for judgment of acquittal, a de novo standard of review applies.” Fonseca v. State, 956 So.2d 1259, 1261 (Fla. 4th DCA 2007) (quoting Pagan v. State, 830 So.2d 792, 803 (Fla.2002)). “Generally speaking, the standard of review for jury instructions is abuse of discretion, but that discretion, as with any issue of law is strictly limited by case law.” Bell v. State, 152 So.3d 714, 717 (Fla. 4th DCA 2014) (quoting Krause v. State, 98 So.3d 71, 73 (Fla. 4th DCA 2012)).
Florida’s grand theft statute does not define “motor vehicle.” See §§ 812.012, 812.014, Fla. Stat. (2013). However, section 320.01, Florida Statutes, which is part of the Motor Vehicle Licenses Chapter, provides:
As used in the Florida Statutes, except as otherwise provided, the term:
(1) “Motor vehicle” means:
*415 (a) An automobile, motorcycle, truck, trailer, semitrailer, truck tractor and semitrailer combination, or any other vehicle operated on the roads of this state, used to transport persons or property, and propelled by power other than muscular power....
[[Image here]]
(4) “Trailer” means any vehicle without motive power designed to be coupled to or drawn by a motor vehicle and constructed so that no part of its weight or that of its load rests upon the towing vehicle.
§ 320.01, Fla. Stat. (2013) (emphasis added).
Because the grand theft statute does not provide otherwise, the Chapter 320 definitions of “motor vehicle” and “trailer” are applicable. In contrast, the definitions upon which Appellant relies are not applicable to the grand theft statute because those definitions are preceded by qualifying language limiting their applicability to their respective chapters. See §§ 316.003, 322.01, Fla. Stat. (2013). When there is only one definition that applies to a criminal statute, the existence of other inapplicable definitions does not create ambiguity. See Soto v. State, 711 So.2d 1275, 1276 (Fla. 4th DCA 1998).
Here, the stolen trailer had no engine, and instead was designed to be hitched to and drawn by a separate vehicle with no part of its weight or that of its load resting upon the towing vehicle. This met the definition of a motor vehicle provided in section 320.01, Florida Statutes, and thus the trailer was a motor vehicle for purposes of Florida’s grand theft statute.
Therefore, we hold that the trial court did not err in denying Appellant’s motion for judgment of acquittal on the grand theft of a motor vehicle charge. We also hold that the trial court did not err in its instruction to the jury on the definition of the term “motor vehicle.”
B. Classifying the Carport as an Dwelling
“In reviewing a motion for judgment of acquittal, a de novo standard of review applies.” Fonseca, 956 So.2d at 1261 (quoting Pagan, 830 So.2d at 803).
One commits burglary in Florida by “[ejntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein _” § 810.02(l)(b), Fla. Stat. (2013). A “dwelling” is defined as “a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.” § 810.011(2), Fla. Stat. (2013). A “structure” is defined as “a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.” § 810.011(1), Fla. Stat. (2013).[1]
*416 We need not address whether the carport constituted part of the curti-lage of the house, an issue without a clear resolution. What is clear, however, is that the carport at issue was an “attached porch.” Section 810.011(2), Florida Statutes, does not require an attached porch to be completely enclosed to be considered part of the dwelling that could be burglarized. Weber v. State, 776 So.2d 1001, 1004 (Fla. 5th DCA 2001). This carport was attached to the house, shared a common roof with the house, and had walls and a pillar. Moreover, the carport contained personal property. These factors indicate that the carport constituted an extension of the house which shared common notions of security and privacy with the home it was attached to. Accordingly, we hold that this carport constituted an attached porch. See Ferrara v. State, 19 So.3d 1033, 1035 (Fla. 5th DCA 2009) (holding that a carport attached to a dwelling, whether regarded as curtilage of the residence or as an attached porch, “is a bur-glarizable part of the dwelling”); Small v. State, 710 So.2d 591, 593 (Fla. 4th DCA 1998) (stating in dicta that a carport with a single wall it shared with the home would have qualified as an “attached porch” for a burglary of a dwelling charge).
Therefore, we hold that the trial court did not err in denying Appellant’s motion for judgment of acquittal on the burglary of a dwelling charge.[2]
Conclusion
We affirm each of the three issues on appeal. We hold that the definition of “motor vehicle” provided in section 320.01, Florida Statutes, is the proper definition to be applied to charges of grand theft. This holding leads us to affirm both the trial court’s denial of Appellant’s motion for judgment of acquittal on the grand theft charge and to affirm the jury instruction on that charge. We also hold that the trial court did not err in denying Appellant’s motion for judgment of acquittal on the burglary charge, because the carport was an attached porch and was therefore included within the definition of a “dwelling.”

Affirmed.

CIKLIN, C.J., and LEVINE, J., concur.

. Appellant’s brief suggests that, to be found guilty of burglary of a dwelling, the State must first prove that the place burglarized was a structure or conveyance and then must prove that the structure or conveyance also constitutes a dwelling. Although this reading of the statute seems to have been adopted in the standard jury instructions, see Fla. Std. Jury Instr. (Crim.) 13.1, it is contrary to the plain meaning of the language in the statute. To constitute burglary, the place entered must be "a dwelling, a structure, or a conveyance.” § 810.02(l)(b), Fla. Stat. (2013) (emphasis added). Proof that the area entered is a dwelling, even if it is not proved that the place is a structure or conveyance, is sufficient.

. To the extent that the trial court’s holding rested on the finding that the carport was a curtilage, the court’s ruling is still affirmable under the "tipsy coachman” theory. See Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999).