Forst, J.
Appellant Jorge Morías was convicted of burglary of a dwelling, resisting arrest without violence, and disturbing a school function. Appellant raises two issues on appeal. First, he maintains that the State failed to establish a critical element of the burglary charge, arguing that neither he nor his accomplices ever “[e]nter[ed] a dwelling, a structure, or a conveyance with the intent to commit an offense therein 810.02(l)(b), Fla. Stat. (2008). Second, Appellant argues that the trial court erred by not suppressing evidence of a “high-speed” car chase. Finding no error in the trial court’s rulings, we affirm.
Background
Appellant, along with two other men, made plans to burglarize a home at random. After casing a particular location and determining that no one was home, they returned to perform the crime. Appellant and one of his accomplices walked from the car to a cemented area in front of the home, characterized by the State as an “attached porch.” The evidence at trial revealed markings consistent with the men attempting to enter the home, but no actual entry into any location other than the outdoor area was achieved. The owner of the home (who had returned to her dwelling after Appellant’s initial visit) observed this activity through her window and called 911. Appellant and his colleague returned to the car and the three men drove away. *288 Soon thereafter, they encountered a police vehicle, precipitating a “high-speed chase.” The driver of the car testified that this chase was initiated based on the “common consensus” in the vehicle that they should run, but he did not testify to anything specific Appellant said or did as part of that consensus. The chase ended when the getaway car collided with another vehicle. The men exited the car and ran in different directions. Appellant was chased on foot through Broward Community College and through a classroom in session, before being apprehended in a stairwell.
The State charged Appellant with burglary of a dwelling, resisting arrest without violence, and disturbing a school function. Before trial, Appellant moved in limine to suppress evidence of the high speed chase as irrelevant to any of the charges against him (the driver of the car, who was charged with the chase itself, was not tried contemporaneously with Appellant). The trial court denied that motion and this evidence was admitted. After the close of the State’s evidence, Appellant moved for a judgment of acquittal on the burglary count, arguing that the State had not shown that the area in question was burglarizable under the statute. That motion was denied. The jury found Appellant guilty of burglary of a dwelling, resisting arrest without violence, and disturbing a school function. He was sentenced to fifteen years in prison for the burglary charge and time served on the remaining charges.
Analysis

A. Burglary of a Dwelling: The Area Entered Was a “Front Porch”

“In reviewing a motion for judgment of acquittal, a de novo standard of review applies.” Fonseca v. State, 956 So.2d 1259, 1261 (Fla. 4th DCA 2007) (quoting Pagan v. State, 830 So.2d 792, 803 (Fla. 2002)). “Further, where the question involves interpretation of a statute, it is subject to de novo review.” Brown v. City of Vero Beach, 64 So.3d 172, 174 (Fla. 4th DCA 2011) (emphasis omitted).
One commits burglary in Florida by “[ejntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein.”[1] § 810.02(l)(b), Fla. Stat. A “dwelling” is defined as “a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.” § 810.011(2), Fla. Stat.
Appellant argues that the location in which he and his accomplice were viewed by the homeowner was not part of a “dwelling” or “structure” and therefore that his motion for judgment of acquittal on the burglary charge should have been granted. Appellant recognizes that the victim identified the area as her “front patio,” but argues that the area was unenclosed and without posts forming a boundary, despite being under an overhanging eave. Appellant relies on Colbert v. State, 78 So.3d 111 (Fla. 1st DCA 2012), for the proposition that this area was not an “attached porch,” and further argues that the lack of “some form of enclosure” should lead to the conclusion that the area at issue was not part of the curtilage of the home. The State responds that the area was “visually set off’ from the rest of the property by small bushes and a large tree, and deems it an “attached porch.” The State also relies on the fact that the victim *289 kept personal items in the area, showing that it was used as a porch rather than part of the broader yard.
We agree with the State: the area at issue constitutes an “attached porch” and, as such, a “dwelling.” United States Supreme Court Justice Potter Stewart famously said of pornography, “I know it when I see it.” Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964) (Stewart, J., concurring). Here, the State submitted photographs of the area in question into the record, and a good starting point to explaining our conclusion that this area is an “attached porch” is a picture of the area at issue, with the hope that this picture is worth one thousand words.
[[Image here]]
*290 The homeowner’s “front patio” is directly adjacent to and touching the home. It is elevated, thus differentiating it from the rest of the front yard. The eave of the house completely overhangs this “front patio” and, as such, shares a common roof with the home, just as the carport which we deemed an “attached porch” in Medrano v. State, 199 So.3d 413, 416 (Fla. 4th DCA 2016). There are four exit points from this “front patio,” with one leading directly into the home and one blocked by several bushes and a large tree. A third appears in the image to be similarly blocked by large hose reels and yet another bush. This leaves but a single entrance/exit point from the open field into the area in question. The homeowner also kept other personal items on this “front patio.” It would not be a stretch to repeat our holding in Medrano that this area “constituted an extension of the house which shared common notions of security and privacy with the home it was attached to.” Id.
We have no photos of the area at issue in Colbert. However, it was described as “the mulch between the concrete pad and the wall of the garage.” Colbert, 78 So.3d at 112. It was “only partially covered by the balcony and the eave of the garage [and] there was no personal property within the area suggesting it was a logical extension of the dwelling.” Id. at 113. The court concluded the area was “not a logical extension of one’s dwelling in a way that comports with the concept of an ‘attached porch.’ ” Id. at 112.
Here, the area at issue “comports with the concept of an ‘attached porch.’ ” Id. As Appellant entered this attached porch “with the intent to commit an offense therein” the trial court did not err in denying Appellant’s motion for a judgment of acquittal on the charge of burglary.

B. The Trial Court’s Refusal to Suppress Evidence of the High-Speed Car Chase

Appellant argues that the high-speed chase was irrelevant to his charges and therefore should not have been admitted. He does not object to the evidence of the crash, only to the evidence of the chase. Appellant argues that there was no evidence that he encouraged the car’s driver to drive away from the police and thus just being in the car was not sufficient to show consciousness of guilt. Even if it did show that, Appellant argues that the State could have just relied on his fleeing on foot rather than on what he deems to be the more prejudicial evidence of the car chase.
The State responds that evidence of the chase was inextricably intertwined with the crimes charged, and that it was relevant to demonstrating intent, demonstrating that the officer chasing Appellant on foot was executing a legal duty, and showing consciousness of guilt. The State argues that without evidence of the chase, the jury would have heard that Appellant fled from the victim’s home in a car and then, all of a sudden, was running on foot through a college campus. Finally, the State contends that Appellant joined in the “consensus” of fleeing and therefore the chase did show consciousness of guilt.
“[This Court] review[s] trial court decisions on the admissibility of evidence for an abuse of discretion, ‘limited by the rules of evidence.’ ” Washington v. State, 985 So.2d 51, 52 (Fla. 4th DCA 2008) (quoting Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001)).
“Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. (2014). The State here *291 argues that the evidence was relevant for four reasons: (1) it fell within the inextricably intertwined doctrine; (2) it showed that Appellant had an intent to resist an officer; (3) it showed that the officer was executing a legal duty; and (4) it showed a consciousness of guilt.
Evidence is inextricably intertwined when it is “necessary to admit the evidence to adequately describe the [crime].” Griffin v. State, 639 So.2d 966, 968 (Fla. 1994) (quoting Charles W. Ehrhardt, Florida Evidence § 404.17 (1993 ed.)); see also Ward v. State, 59 So.3d 1220, 1222 (Fla. 4th DCA 2011) (“Evidence is ‘inextricably intertwined’ if it is necessary to (1) adequately describe the deed; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose; or (4) adequately describe the events leading up to the charged crime(s).”).
In this case, Appellant committed a burglary, got into a car, was a passenger in a high-speed chase away from police, and ran from the car, through a college campus, after the car crashed. As the. car chase was part of a continuing chain of chronological events, evidence of the chase was relevant and admissible as inextricably intertwined evidence, necessary “to provide an intelligent account of the crime(s) charged.” It was also relevant and admissible as part of the State’s effort to establish Appellant’s consciousness of guilt, in conjunction with the driver’s statement that fleeing the police was a “consensus decision” of the three occupants of the car.
“Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice ....”§ 90.403, Fla. Stat. (2014). Appellant concedes that evidence of the crash and ensuing foot chase were appropriately admitted. With these events already in evidence, the evidence of the car chase was not so prejudicial to “substantially outweigh” the relevance of that evidence toward adequately describing the chronology and establishing Appellant’s consciousness of guilt.
Conclusion
The trial court properly denied Appellant’s motion for a judgment of acquittal on the burglary count, as the evidence in the record, including the photographs, establishes that the area entered by Appellant with the intent to commit a crime was an “attached porch.” Moreover, the trial court did not err in failing to exclude evidence of the ear chase from the scene of the burglary, as any prejudice did not substantially outweigh the probative value of that evidence. Accordingly, we affirm the trial court’s decision.

Affirmed.

Warner and Gross, JJ., concur.

. The exceptions to this rule, and the other methods of committing burglary, are inapplicable in this case.