DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JENNIFER LIZA KRASNER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0355

[June 11, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 22009418CF10A.

Daniel Eisinger, Public Defender, and Summer Hill, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Joseph Mollica, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

What constitutes a porch or curtilage is the question posed in this appeal from a conviction for burglary of an unoccupied structure. The defendant argues the trial court erred in: (1) denying her motion for judgment of acquittal; and (2) not providing a twelve-person jury. We find no error and affirm.

- ***The Facts***

The State charged the defendant with burglary of an occupied dwelling. The charges derived from an incident where the defendant took delivered packages from the front of the victims' home. The incident was captured on surveillance cameras.

At trial, the lead detective testified he was called to the crime scene where he reviewed security footage. He identified the defendant in the courtroom. The second detective testified about the photo lineup; one of the victims identified the defendant in that lineup.

One victim testified that she was working from home when the crime occurred and that she was expecting some Amazon packages, but did not receive them.  When she checked the home security camera, she saw that a woman took the packages from in front of the house.  She provided a description of the woman, including a tattoo behind the woman's ear.

The second victim, who also lived at the residence, testified how she identified the defendant out of the photo lineup.  The State introduced the security video into evidence, which included the following still photos:







The crime scene investigator testified she took photos of the defendant after the arrest. She noted the defendant's specific features, including tattoos and marks.

After the State rested, the defense moved for judgment of acquittal, which the court denied. The defense renewed its motion for judgment of acquittal at the close of the defense case, which was also denied.

The jury found the defendant guilty of burglary of a **structure** unoccupied, a lesser-included offense of burglary of an occupied dwelling. The judgment and disposition however reflect the defendant had been convicted of burglary, **dwelling** unoccupied.

From her conviction, the defendant now appeals.

- ### *The Analysis*

The defendant argues that a "porch" is more akin to "an additional room attached to the home" and that a porch under the burglary statute must have some type of enclosure for the area to be considered a curtilage. The State responds the area is both an attached porch within the dwelling definition and a structure within the burglary statute. We agree with the State.

We review a motion for judgment of acquittal de novo. *See Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002) (citing *Tibbs v. State*, 397 So. 2d 1120 (Fla. 1981)).

The state must prove every element of a crime beyond a reasonable doubt. *See Ponsell v. State*, 393 So. 2d 635, 636 (Fla. 4th DCA 1981). When a defendant moves for judgment of acquittal, she "'admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" *Petit v. State*, 321 So. 3d 286, 290 (Fla. 4th DCA 2021) (quoting *Beasley v. State*, 774 So. 2d 649, 657 (Fla. 2000)). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt," then "sufficient evidence exists to sustain a conviction." *Pagan*, 830 So. 2d at 803 (citing *Banks v. State*, 732 So. 2d 1065 (Fla. 1999)).

An accused commits burglary by "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein." § 810.02(1)(b), Fla. Stat. (2024). Florida defines a "dwelling" as "a building or conveyance of any kind, including **any attached porch**, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, **together with the curtilage thereof.**" § 810.011(2), Fla. Stat.

4

(2024) (emphasis added). Essentially, the question is whether the area from where the defendant took the items constituted a porch or curtilage.

The defendant relies on *J.L. v. State*, 57 So. 3d 924 (Fla. 5th DCA 2011). There, a juvenile delinquent stole a go-cart, a four-wheeler, and a skateboard from the victim's yard as they were leaning against the victim's residence. *Id.* at 925. The Fifth District held the items leaning against the side of the house were not within the curtilage of the house, as required by the burglary statute. *Id.* at 926.

The defendant also relies on *Colbert v. State*, 78 So. 3d 111, 112 (Fla. 1st DCA 2012) to argue the area in the photos does not qualify as a porch. There, the defendant stole a bicycle near the victim's house and was similarly charged with burglary of a dwelling. *Id.* The First District described the area:

> Protruding from underneath the [victim's] townhouse's front door was a concrete pad that connected to a front walkway. One side of the concrete pad was open to the front yard, while the other side abutted a layer of mulch. On the opposite side of the mulch was the exterior wall of the townhouse's garage. The concrete pad and mulch were partially covered by the eave of the garage and the townhouse's second floor balcony, which was not supported by posts. The concrete pad and mulch were both visually and physically open to the street.
>
> [The victim's] bicycle was sitting on the mulch between the concrete pad and the wall of the garage.

*Id.* The court held "[t]his area, which was both visually and physically open to the general public, is not a logical extension of one's dwelling in a way that comports with the concept of an 'attached porch.'" *Id.*

Yet, other cases have found their respective areas in question to be within the curtilage of the house. *Medrano v. State*, 199 So. 3d 413, 414 (Fla. 4th DCA 2016) (carport sharing one wall with the house was a porch); *Small v. State*, 710 So. 2d 591, 592 (Fla. 4th DCA 1998) (open carport attached to a residence and walled on one side was a dwelling); *Weber v. State*, 776 So. 2d 1001, 1004 (Fla. 5th DCA 2001) (unenclosed, but covered porch/patio was an attached porch).

We find *J. L.* and *Colbert* to be distinguishable on their facts. We find this case most like *Morlas v. State*, 211 So. 3d 286, 287 (Fla. 4th DCA 2017). There, the defendant tried to break into the victim's house through

a door but aborted the mission when he could not get inside. *Id.* The State charged him with burglary of a dwelling, among other charges. *Id.* at 288. The area in question is pictured below.



*Id.* at 289. We held the area constituted an "attached porch." *Id.* at 290.

Here, the pictured area is covered by the same roof that covers the rest of the house. It is adjacent to and touching the front door and had several of the victim's belongings in it, including a "welcome" rug. In short, the area constitutes a porch. The trial court did not err in denying the defendant's motion for judgment of acquittal.

The defendant next argues she is constitutionally entitled to a twelve-person jury. We have previously held otherwise. See *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022). We affirm on this issue.

And last, the State calls to our attention two scrivener's errors in the judgment. The jury convicted the defendant of "burglary of a (**structure**/unoccupied). However, the judgment states the defendant was convicted of "burglary **dwelling** unoccupied." The judgment also reflects the defendant entered a guilty plea, but the case was tried by a jury. We therefore remand the case for correction of these errors.

*Affirmed, but remanded for correction to the scrivener's errors noted above.*

GROSS and CONNER, JJ., concur.

6

*       *       *

*Not final until disposition of timely filed motion for rehearing.*