THOMPSON, Judge.
Ronald P. Baker was charged by information with burglary of a conveyance with an assault or battery in count 1[1] and kidnapping with intent to commit a felony or inflict harm in count II.[2] Baker was found guilty of both burglary with an assault and attempted kidnapping. He was sentenced as an habitual violent offender. We affirm the conviction and disposition as to count I, but we reverse as to count II.
Baker followed the victim from her place of employment in Winter Park, Florida to her apartment complex in Lake Mary. After she parked her car, she opened the car door and began collecting her belongings from the passenger’s seat when Baker grabbed her around the neck from behind. Baker had leaned into the car over the top of her and had his “shoulder” around her neck. She began screaming and Baker ran off.
Fortuitously, for the victim, members of the Altamonte Springs police department had observed Baker following the victim. Two members of the Altamonte Springs police department in. separate unmarked cars joined Baker’s procession. As they entered the parking lot where the victim lived, they heard her screams and detained Baker who was running away. An officer found the victim in her apartment crying. She was able to identify Baker by his clothing and his hair. Baker was read and waived his Miranda rights. Baker then stated that he had wanted to meet the victim and had fantasized he would have sex with her in her automobile. He also stated that he did not mean to hurt her.
Baker was tried and convicted of burglary and attempted kidnapping. Baker received 70 years incarceration for the burglary and a concurrent term of 15 years for the attempted kidnapping. He argues that the trial judge should have granted his motion for directed verdict in count II. We agree.
The case of Faison v. State, 426 So.2d 963 (Fla.1983) is controlling. In Faison, the Supreme Court of Florida established that the actions of the defendant, in order to constitute a kidnapping when another crime is charged:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
Id.; see also Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987) (where movement and confinement of robbery victims was limited to the interior of a restaurant, the activity was slight and merely incidental to the crime of robbery).
If the state is to prevail, it must offer evidence to prove Baker intended to commit a kidnapping independent of the burglary charge. The only evidence to determine Baker’s intent at the time of his contact with the victim is his statement that he fantasized they would have sex in her automobile. Intent is an operation of the mind and is not subject to direct proof, however, intent can be proven by circumstantial evidence. See Brewer v. State, 413 So.2d 1217, 1218-1219 (Fla. 5th DCA 1982), review denied, 426 So.2d 25 (Fla.1983). Since there is no direct proof in the record evidence that Baker attempted to move the victim anywhere, and since the state offered no circumstantial evidence to prove Baker intended to move the victim anywhere, the conviction must be reversed. See Goff v. State, 616 So.2d 551 (Fla. 2d DCA 1993) (convictions for armed kidnapping and attempted armed kidnapping reversed where movement or confinement of armed robbery victims was limited to lying on the floor, getting money out of the safe, or moving approximately 180 feet to the back of store).
*105 AFFIRMED in part; REVERSED in Par^'
W. SHARP and GRIFFIN, JJ., concur.

. § 810.02(1), (2)a, Fla.Stat. (1991).

. §§ 787.01(l)(a) & 777.04, Fla.Stat. (1991).