646 So.2d 827 (1994)
Charles Edward POPE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1345.
District Court of Appeal of Florida, Fifth District.
December 9, 1994.
*828 James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Wesley Heidt, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Charles Edward Pope ("Pope") appeals his conviction and sentence for robbery[1] and kidnapping.[2] We affirm his conviction, but reverse his sentence.
Pope argues the trial court erred in denying his motion for judgment of acquittal on the offense of kidnapping. Pope's trial counsel did not preserve this putative error for appeal. There was an objection, but not on the issue that has been argued before this court. By failing to present the argument to the trial court for review and ruling, Pope is precluded from raising the issue on appeal. Reed v. State, 603 So.2d 69 (Fla. 4th DCA 1992). Furthermore, the facts support Pope's conviction for kidnapping.
The facts are the following. Pope committed a robbery by using a knife to take money from his victim, Richard Chuk. Pope then took Chuk from the point of the robbery approximately one block to his truck. At the truck, Pope took Chuk's food stamps. Under the test of Faison v. State, 426 So.2d 963, 965 (Fla. 1983), this act was a kidnapping independent of the crime of robbery. Here, the movement or confinement was not slight; it was not inherent in the crime of robbery and but for the movement, Pope would not have been able to complete the crime of robbery by taking Chuk's food stamps. Cf. Baker v. State, 639 So.2d 103 (Fla. 5th DCA 1994) (where movement and confinement of burglary victim was limited to the interior of an automobile, the activity was slight and merely incidental to the crime of burglary with an assault or battery). The court properly denied his request for judgment of acquittal.
We do, however, reverse Pope's sentence and remand the case for resentencing. After his conviction, Pope was designated a habitual felony offender[3] and he was sentenced to consecutive sentences. Because his two convictions arose out of a single criminal episode, Pope argues he can be sentenced consecutively within the sentencing guidelines or he can be sentenced as a habitual offender with no consecutive sentence. We agree. We reverse the consecutive habitual offender sentences and remand for resentencing. Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). At resentencing, the trial court can elect to sentence Pope to a consecutive sentence or enhance his sentence as a habitual offender, but it cannot do both. Anderson v. State, 637 So.2d 971 (Fla. 5th DCA 1994).
AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1991).
[2] § 787.01(1)(a)(2), Fla. Stat. (1991).
[3] § 775.084, Fla. Stat. (1991).