693 So.2d 600 (1997)
STATE of Florida, Appellant,
v.
Johnnie BURSTON, Appellee.
No. 96-03168.
District Court of Appeal of Florida, Second District.
March 19, 1997.
*601 Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The state appeals the dismissal of a one-count information charging Johnnie Burston with burglary of a dwelling in violation of section 810.02(3), Florida Statutes (1993). The information alleged that Burston stole a lawnmower from a carport. The sole issue in this appeal is whether the carport is part of the curtilage of the dwelling. We conclude that it is and reverse.
The carport from which the lawnmower was taken was contiguous to the dwelling. It consisted of a cement slab, a roof that was flush with the roof of the dwelling, and four aluminum poles supporting the roof. The carport shared a wall with the dwelling, and the kitchen door opened onto the carport. The carport was no longer used for parking vehicles and contained miscellaneous items, including the lawnmower that was stolen.
The instructive case on this issue is State v. Hamilton, 660 So.2d 1038, 1044 (Fla.1995), wherein the supreme court stated: "We conclude that such a construction here requires us to carry forward the common law requirement of some form of an enclosure in order for the area surrounding a residence to be considered part of the `curtilage' as referred to in the burglary statute." The operative words are "some form of an enclosure." The carport in question constitutes a sufficient form of enclosure so as to be part of the curtilage of the dwelling.
Accordingly, the order dismissing the charge of burglary of a dwelling is reversed, and this cause is remanded for further proceedings.
FRANK, A.C.J., and NORTHCUTT, J., concur.