710 So.2d 591 (1998)
David SMALL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1347.
District Court of Appeal of Florida, Fourth District.
February 18, 1998.
Rehearing, Rehearing and Certification of Conflict Denied March 26, 1998.
*592 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and Certification of Conflict Denied March 26, 1998.
STEVENSON, Judge.
Appellant, David Small, pled nolo contendere to one count of burglary of a structure, reserving the right to appeal the trial court's denial of his motion to dismiss. Appellant's motion argued that the subject of the charged burglaryan open carport which is attached to a residence, walled on only one side and otherwise supported only with polesis not a burglarizable "structure" within the meaning of the burglary statute.[1] We agree and reverse.
Burglary of a structure is defined as entering or remaining in a "structure" with the intent to commit an offense therein. See § 810.02(1), Fla. Stat. (1995). A "structure" is
a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.
Id. § 810.011. In this case, the State advances three alternative theories to support its position that the instant carport meets this definition of a "structure": (1) that the carport is a separate, free-standing structure; (2) that it is an integral part of the structure to which it is attached; and (3) that it constitutes part of the curtilage of the attached house. We address each theory in turn.
First, we reject the State's argument that the carport qualifies as an independent structure. A "structure" is defined as "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof." See § 810.011, Fla. Stat. (1995)(emphasis added). True enough, the term "building"while not specifically defined by the statutehas been construed to represent a broader class of edifices than the word commonly connotes. For instance, in Perry v. State, 174 So.2d 55, 58 (Fla. 1st DCA 1965), the First District, in ruling that an outdoor telephone booth is a "building," noted that the statute's reference to "any building" reflects the legislature's intent to cover a broad class of edifices. Accord State v. Jackson, 281 So.2d 353, 354 (Fla.1973)(agreeing with Perry that "a telephone booth which is enclosed with walls and a roof and which is located outdoors is a building within the meaning of our burglary statute.").
It is also true that shortly after Perry and Jackson were decided, the statutory definition of "structure" was broadened even further, to its current definition, with the addition of language clarifying that the edifice may be "either temporary or permanent." In discussing this amendment, one commentator has written:

*593 This is a qualification with some significance, since, previously it was felt that a building connoted a structure of some permanence. [citing Perry.] It is clear at common law that a tent or booth erected for a temporary purpose, even though used as a lodging, could not be the subject of a burglary since that offense only encompasses permanent edifices. However, under Florida's present statutory definition of "structure" for burglary purposes, it would seem that such structures as tents, portable or collapsible outhouses, and other structures of flimsy construction, or designed for easy removal would be covered.
Jerome C. Latimer, Burglary is for Buildings, or is it? Protected Structures and Conveyances Under Florida's Present Burglary Statute, 9 Stetson L.Rev. 347, 349-50 (1980)(footnotes omitted).
Although Professor Latimer recognized that temporary and flimsy structures such as tents could now be considered "buildings," he noted that one of the enduring essential characteristics of a building is that it must be "enclosed with walls." Id. at 349. Indeed, other courts have generally required that a burglarizable "building" have "four walls and a roof." See, e.g., People v. Brooks, 133 Cal.App.3d 200, 205,183 Cal.Rptr. 773 (1982). In People v. Brooks, the court set forth a sensible test for determining whether an edifice is sufficiently "walled" to be a burglarizable building, i.e., whether "the walls act as a significant barrier to entrance without cutting or breaking." Id. at 206, 183 Cal.Rptr. 773.
With no walls enclosing it, save for the single wall shared with the house, the instant carport is little more than a large awning. Without deciding whether a carport must be completely walled to qualify as a "building" under Florida's burglary statute, we conclude that a single wall is insufficient; it certainly cannot be said that this single wall serves as any barrier to unauthorized entry, let alone a "significant" barrier.
Neither do we agree with the State's argument that this carport is an integral part of the main structure, such that entry into the carport constitutes entry into the structure. Certainly, an attached utility shed or storage room could be a part of a dwelling or structure under the burglary statute; however, the additional room would presumably be as enclosed as the remainder of the structure. To "impute" walls to the carport by virtue of its mere attachment to a walled structure would extend the definition of "building" well beyond what ordinary people understand the term to mean and would violate the principle of strictly construing criminal statutes in favor of the defendant. Significantly, the legislature recently amended the definition of a "dwelling" to include an "attached porch," see § 810.011(2), Fla. Stat. (Supp.1996), but it did not similarly amend the definition of a "structure." Had appellant been charged with the burglary of a "dwelling," rather than the burglary of a "structure," we would readily find that the carport in the instant case qualifies as "an attached porch" pursuant to the amended statutory definition of a dwelling.
Lastly, we do not find this carport to constitute "curtilage" of the residence. In State v. Hamilton, 660 So.2d 1038 (Fla.1995), the supreme court held that surrounding property must be "enclosed" to constitute curtilage for purposes of the burglary statute. Because the statute is silent on this point, Hamilton applied the principle that criminal statutes must be strictly construed in favor of the accused; thus, the court retained the common law rule that the surrounding property must have "some form of enclosure" to constitute curtilage. Id. at 1044.
When the traditional meaning of the term "curtilage" is considered, it is apparent that the carport in the instant case does not qualify. "Curtilage," as the court noted in Phillips v. State, 177 So.2d 243, 244 (Fla. 1st DCA 1965), "has a distinctive meaning in legal parlance" and "has been described as the yard, courtyard, or piece of ground lying around or near a dwelling house." In describing the common law requirement that this surrounding property be enclosed, Hamilton explained,
The cluster of buildings which were in reasonably close proximity to a dwelling house in England, and which were used by the dweller, together with the dwelling house, were usually encircled by a fence or *594 other enclosure. The common ground within the enclosure was designated as the curtilage and all buildings within the curtilage were considered part of the mansion house or dwelling.
660 So.2d at 1041. Thus, at common law, the curtilage consisted of the fenced yard and those outbuildings contained within the fenced enclosure.
In Chambers v. State, 700 So.2d 441 (Fla. 4th DCA 1997), this concept was illustrated and correctly applied. In that case, the appellant was convicted of burglarizing a dwelling as the result of taking a bicycle from behind the victim's house. Although there was an open ten-to fifteen-foot gap in the wooden and chain link fence that otherwise enclosed the yard, this court held that the fence satisfied Hamilton's requirement of "some form of enclosure"; thus, the fenced area in close proximity to the home was held to be within the curtilage of the dwelling. Significantly, it was the fence surrounding the yardnot merely the yard's proximity to the housewhich made that premises part of the curtilage.
It seems quite a stretch of the common law definition of "curtilage" to define the carport in the instant case as "curtilage" of the house where, as here, there is no fence or other enclosure whatsoever. Accordingly, we reverse the trial court, and dismiss the charge of burglary of a structure.
The seemingly contradictory case of State v. Burston, 693 So.2d 600 (Fla. 2d DCA 1997), is distinguishable. In Burston, the Second District reversed the dismissal of a charge of burglary of a dwelling, finding that a carport similar to the instant one constituted curtilage. However, Burston involved a charge of burglarizing a dwelling, rather than a structure as charged in this case. As discussed, we would agree that a carport may be a burglarizable portion of a dwelling. While our reasoning would differ from that of Burstonwe would find the carport to be an "attached porch" while the Second District would find it to constitute "curtilage"our conclusions would ultimately be the same.
While we hold that the trial court erred in denying appellant's motion to dismiss the charged offense of burglary of a structure, the admitted facts may well constitute other punishable offenses. Accordingly, we instruct the trial court, on remand, to enter a dismissal on the charge of burglary of a structure and to proceed in accordance with Rule of Criminal Procedure 3.190(e).
GROSS, J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I would affirm the trial court's denial of appellant's motion to dismiss, either on the grounds that the carport meets the statutory definition of a "structure" under section 810.02(1), Florida Statutes (1995), or at the very least, it constitutes part of the curtilage of a structure.
NOTES
[1] Although the carport was attached to a residence, appellant was charged with burglary of a "structure" rather than burglary of a "dwelling." Compare § 810.011(1), with § 810.011(2), Fla. Stat. (1995).