728 So.2d 781 (1999)
Dan Edward BEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1647
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
*782 Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
Dan Edward Bean appeals his conviction and sentence for burglary of an occupied structure with assault or battery. We affirm.
At about four o'clock in the afternoon, appellant entered Bernard Osting's garage, where Osting's friend had previously placed his bicycle. Osting saw appellant in the garage on his friend's bicycle. When Osting confronted appellant, he was straddling the bicycle and had his tools on the handlebars. A scuffle ensued and appellant punched Osting in the chest. The trial court denied appellant's motion for a judgment of acquittal.
Appellant has failed to demonstrate reversible error in his arguments that the State failed to prove stealthy entry, that the State did not rebut his defense that he entered the garage to avoid the rain, and that the State relied on an improper theory of guilt. Appellant also argues that the State failed to prove that the garage was a structure as defined in section 810.02(1), Florida Statutes (1997). Appellant concedes that he failed to make this argument in the trial court. We deny his request to consider this question as fundamental error. We will, however, address its factual implication.
Appellant argues that the garage did not constitute a "structure," because it did not have a door. He misplaces his reliance on Small v. State, 710 So.2d 591 (Fla. 4th DCA 1998), where we held that a carport was not a "structure" as the term is used in the burglary statute. Small did not create a bright line test to determine whether the element of a "structure" has been met under the burglary statute. Rather, the court must make that determination on a case-by-case basis.
In this case, the attached garage is located in one wing of the house, sharing a common roof and three walls. The garage does not have a door. However, the absence of the door does not alter the reality that the garage, as depicted in State's Exhibit 1, is an integral part of the house, and is a "structure" within the meaning of section 810.02(1), Florida Statutes (1997).
AFFIRMED.
KLEIN and GROSS, JJ., concur.