767 So.2d 573 (2000)
Maurice BLANCHARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3543.
District Court of Appeal of Florida, Fifth District.
September 8, 2000.
*574 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The appellant, Blanchard, was convicted of burglary with a weapon and petit theft. The facts indicate Blanchard entered the glass-enclosed front porch area of a duplex home through a screen door. Separate doors connected the two units to the shared porch. The doorbell on the front of the building where Blanchard entered was inoperative. Ms. Mejia, the occupant of one unit, heard the screen door, looked out a window, saw Blanchard, and called 911. She saw that he was taking her bicycle off the porch and when she protested Blanchard produced a knife and warned her to desist.
Blanchard argues that the evidence was insufficient to prove entry into a residence since he stole the bicycle from a "common area" of an apartment building that was open to the public. In support of this argument he relies on Miller v. State, 733 So.2d 955 (Fla.1998). He also contends in the alternative that his conviction for burglary was wrongfully scored as a first degree felony under section 810.02(2), Florida Statutes, because the jury made a specific finding that he possessed a weapon, but not a dangerous weapon.[1]
In response to the first argument the state points to evidence that the porch was enclosed, had an outside bell (even though inoperative), that the victim kept plants and furniture on her part of the porch and treated it as part of the home, and testified repeatedly that she considered the porch "private." The state also points out that the statutory definition of "dwelling" expressly includes "any attached porch." See § 810.011(2), Fla. Stat. (1999). The state argues that Blanchard's claim that the porch was "open to the public" was an affirmative defense, and, as such, was properly left for jury determination. The state also relates that in Miller the supreme court expressly limited its decision to public structures, such as the grocery store involved in that case, while the instant case concerns a private home. As the state observes, there was no evidence adduced that Blanchard was either an invitee or licensee. We agree with the state and affirm the burglary conviction.
We find no merit in Blanchard's remaining issue. Given the wording of the amended information and the jury finding *575 that the defendant possessed a weapon, the burglary conviction was properly reclassified and scored as a first degree felony pursuant to section 775.087(1), Florida Statutes.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] The jury also specifically found that in the course of committing the offense no assault was committed.