909 So.2d 352 (2005)
Maurice BLANCHARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1929.
District Court of Appeal of Florida, Fifth District.
July 22, 2005.
Rehearing Denied September 2, 2005.
Maurice Blanchard, Chipley, pro se.
*353 No Appearance for Appellee.
GRIFFIN, J.
Maurice Blanchard ["Blanchard"] appeals the trial court's order summarily denying his Rule 3.850 motion. After a jury trial, Blanchard was convicted of burglary of a dwelling with an assault or battery and petit theft. His direct appeal to this court in 5D99-3543 resulted in an affirmance. Blanchard v. State, 767 So.2d 573 (Fla. 5th DCA 2000), review denied, 791 So.2d 1094 (Fla.2001). He has previously filed two Rule 3.850 motions, the summary denials of which were affirmed by this court per curiam in 5D01-1850 and 5D0-2121. Thus, the Rule 3.850 motion in this case is Blanchard's third. He has also filed two petitions for writ of habeas corpus for a belated appeal alleging ineffective assistance of appellate counsel in 5D04-3705 and 5D03-3130, both of which were denied.
In his current Rule 3.850 motion, Blanchard argues that he is entitled to relief based on Delgado v. State, 776 So.2d 233 (Fla.2000), which held that the phrase "remaining in" as used in the burglary statute, applies only where the "remaining in" was done surreptitiously. He claims that in light of Delgado, the jury instructions in his case were fundamentally flawed because he did not "secretly remain" in the victim's dwelling. He also claims that he is entitled to a new trial in light of Delgado because his direct appeal to this court in 5D99-3543 was in the pipeline when Delgado was decided.
It does appear that Delgado was in the appellate pipeline when Blanchard's direct appeal to this court in 5D99-3543 was pending. Delgado does apply to pipeline cases, though Delgado specified that it would not "apply retroactively to convictions that have become final." Delgado, 776 So.2d at 241.
We are unable to determine whether Delgado would have been of aid to Blanchard had it been raised timely, but it was not. Blanchard has already filed two previous Rule 3.850 motions, and this claim could or should have been raised before. Thus, it is procedurally barred as successive. Also, Blanchard's claim is barred as untimely since his direct appeal to this court in 5D99-3543 was decided in 2000, and he failed to file the instant Rule 3.850 motion for purposes of the mailbox rule until November 3, 2004.
Additionally, the proper procedural vehicle for Blanchard's claim would be a petition for writ of habeas corpus for a belated appeal alleging ineffective assistance of appellate counsel. Nowhere does Blanchard in this motion claim that he received ineffective assistance of trial counsel; not surprising since Delgado was not decided until after his trial had already concluded. However, as indicated, our records reflect that Blanchard has already availed himself of that remedy on two prior occasions, in 5D04-3705 and 5D03-3130. Another habeas petition seeking relief under Delgado would be both untimely and successive.
AFFIRMED.
SAWAYA and MONACO, JJ., concur.