971 So.2d 183 (2007)
Gilberto LUGO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3720.
District Court of Appeal of Florida, Fifth District.
December 28, 2007.
James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Gilberto Lugo appeals from his judgment and thirty-year sentence on the charge of lewd or lascivious molestation (child under age 12). We affirm the conviction and sentence. Only one issue was preserved for appellate review, and we will briefly address that issue.
At trial, the father of the victim testified that he basically caught Lugo molesting his child. However, when the State called the victim to testify, she began crying when asked about the incident, and could not answer questions because of her emotional state. Additionally, the prosecutor did not attempt to offer the child's out-of-court statements confirming the sexual abuse. As its last witness, however, the prosecutor called a child protection team ("CPT") interviewer, and asked about out-of-court answers given by the child that would tend to show that the victim could accurately relate to others matters that she had personally observed, and that she understood what it meant to be truthful. These were standard questions, such as asking the child to describe the color of an object, and then confirming that the child understood that it would not be truthful to say that the object was a different color. The only alleged error preserved for appellate review is the admission of this testimony over the defense's hearsay objection. As the prosecutor argued at trial, and the trial court found, this testimony did not involve hearsay because the child's out-of-court statements were not being offered to prove the truth of the matters asserted in the child's responses to the questions posed. See § 90.801(1)(c), Fla. Stat. (2006). Rather, the child's responses were offered to show that the child could accurately relate to others matters that she personally observed.
Under the circumstances, however, the testimony may have been objectionable on *184 other grounds. Because the jury heard no testimony from the child, hearsay or otherwise, relating to any fact in dispute at trial, the child's ability to accurately explain things that she observed would appear irrelevant. However, because the only objection made at trial was a hearsay objection, and the trial court correctly overruled that objection, there is no basis for appellate relief. See, e.g., Pope v. State, 646 So.2d 827, 828 (Fla. 5th DCA 1994). Because the other errors alleged in Lugo's brief were not objected to at trial either, and do no constitute fundamental error, we must affirm. Carratelli v. State, 961 So.2d 312, 325 (Fla.2007). If a remedy exists at all, it will be through appropriate postconviction proceedings.
AFFIRMED.
THOMPSON and TORPY, JJ., concur.