997 So.2d 1260 (2009)
Edward TINDALL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3841.
District Court of Appeal of Florida, Fifth District.
January 2, 2009.
*1261 James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
Appellant challenges his conviction for burglary of a structure, arguing that the State failed to prove all the elements of the crime and that the jury was improperly instructed. We affirm.
Appellant crawled under a vacant house and cut and removed copper pipe. The wood frame house was supported by a cinder block foundation, permitting access to its underside through a crawl space. Appellant was charged with burglary of a structure. Through a motion for directed verdict, he urged that because entry into the open space under the home did not constitute "entry" into a "structure," the State failed to prove the crime. The trial court denied the motion. We agree with the trial court. Appellant penetrated the invisible, vertical plane into the airspace of the house by crawling under the house to gain access to the pipes and thus "entered" the house. See Barton v. State, 797 So.2d 1276, 1278 (Fla. 4th DCA 2001) (entry into conveyance occurred when defendant crossed invisible plane over bed of pickup truck). The house is a "structure" because it is a building and it has a roof. § 810.011(1), Fla. Stat. (2007) (defining "structure" as "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof").
State v. Hamilton, 660 So.2d 1038 (Fla. 1995), relied upon by Appellant, is distinguishable. That case addressed the issue of whether entry into an unfenced yard may be charged as burglary of a structure. The disposition of that case turned on whether an unfenced yard is "curtilage" to a structure. Although Small v. State, 710 So.2d 591 (Fla. 4th DCA 1998), can also be distinguished, admittedly, the distinction would be subtle. We think the carport in Small was a structure because it was a "building of any kind" with a roof. The "curtilage" analysis in Small and its reliance upon Hamilton was, in our view, misplaced. We note that a later case from the same court held that a garage without a door is a "structure," as defined in the burglary statute. Bean v. State, 728 So.2d 781, 782 (Fla. 4th DCA 1999). Although the court in Bean suggested that Small may be distinguished, we think there is no difference between the carport with one wall in Small and the garage with three walls and no door in Bean, at least insofar as the statutory definition of "structure" is concerned.
As for the jury instruction, Appellant concedes that his challenge was not preserved by objection below. Nevertheless, he maintains that the instruction was fundamental error. We disagree. State v. Weaver, 957 So.2d 586, 588 (Fla.2007) (defect in instruction not fundamental if issue not disputed at trial). Even if the error were fundamental, however, Appellant waived the error based on the manner by which he advised the court to respond to a jury question seeking clarification of the *1262 instruction. In response to the jury's question, Appellant affirmatively agreed that the court should essentially reaffirm the instruction as previously given. Armstrong v. State, 579 So.2d 734, 735 (Fla. 1991); Abbarno v. State, 654 So.2d 225 (Fla. 5th DCA 1995).
AFFIRMED.
ORFINGER and COHEN, JJ., concur.