WEBSTER, J.
In this direct criminal appeal, appellant seeks review of his conviction, following a jury trial, for accessory after the fact to second-degree murder with a firearm, in violation of section 777.03(l)(c), Florida Statutes (2005). He contends that (1) the information was fundamentally defective because it did not include either the essential elements of the second-degree murder to which he was allegedly an accessory after the fact or a reference to the statute that proscribes that offense; and (2) the trial court reversibly erred when it denied his motion for a judgment of acquittal. Because the evidence that appellant had committed the offense with which he was charged was overwhelming, we affirm as to the second issue without further discussion. Because we conclude that the information was not fundamentally defective, we also affirm as to that issue. We address the issue regarding the information because it is one of first impression. We also certify to our supreme court a question which we believe to be of great public importance.
*760 In language that essentially tracks that found in section 777.03(1), Florida Statutes (2005), the information charged appellant as follows:
ERIC ANTHONY BAKER, JR., on or about April 16, 2006, and April 17, 2006, in the County of BAY and State of Florida, did unlawfully maintain or assist Daryl Cortez Black after the fact, or gave the offender any other aid, knowing that Daryl Cortez Black had committed the felony of Second Degree Murder with a Firearm, with the intent that Daryl Cortez Black should avoid or escape detection, arrest, trial or punishment and the defendant was not in relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, to the offender in violation of Section 777.03, Florida Statutes.
At no time, either before or after his trial, did appellant complain that he believed the information to be defective. Instead, for the first time on appeal, appellant now complains that the information is fundamentally defective because it failed to allege a criminal offense and failed adequately to allege the charge against him, resulting in a deprivation of his right to due process of law. His argument is that, although the information essentially tracked section 777.03(1), it was fundamentally flawed because it failed also either to allege the elements of the offense allegedly committed by the principal (second-degree murder with a firearm) or to make reference to the statute that proscribes that offense (i.e., section 782.04(2), Florida Statutes). We disagree.
Appellant seeks to raise this issue for the first time on appeal. Because he did not preserve the issue by raising it and securing a ruling in the trial court, he may raise it here only if it constitutes “fundamental error.” See, e.g., Jackson v. State, 983 So.2d 562, 568 (Fla.2008) (“[errors that have not been preserved by contemporaneous objection can be considered on direct appeal only if the error is fundamental”) (citing Goodwin v. State, 751 So.2d 537, 544 (Fla.1999), and Hopkins v. State, 632 So.2d 1372, 1374 (FIa.1994)); Castor v. State, 365 So.2d 701, 703 (Fla. 1978) (“[a]s a general matter, a reviewing court will not consider points raised for the first time on appeal”) (citing Dorminey v. State, 314 So.2d 134 (Fla.1975)); § 924.051(3), Fla. Stat. (2005) (“[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error”). An error is “fundamental” only when it is one that “goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process.” J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998) (citing State v. Johnson, 616 So.2d 1, 3 (Fla. 1993)) (emphasis added). Our supreme court “has cautioned that the fundamental error doctrine should be used ‘very guardedly,’ ” see Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994) (quoting from Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970)), and that it “should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Smith v. State, 521 So.2d 106, 108 (Fla.1988) (citing Ray v. State, 403 So.2d 956 (Fla.1981)).
It is true that, in dicta, our supreme court has said:
[A] conviction on a charge not made by the indictment or information is a denial of due process of law.... If the charging instrument completely fails to charge a crime, therefore, a conviction thereon violates due process. Where an indictment or information wholly omits to allege one or more of the essential elements of the crime, it fails to charge a *761 crime under the laws of the state. Since a conviction cannot rest upon such an indictment or information, the complete failure of an accusatory instrument to charge a crime is a defect that can be raised at any time — before trial, after trial, on appeal, or by habeas corpus.
State v. Gray, 435 So.2d 816, 818 (Fla. 1983) (emphasis added). It is also true that district courts of appeal (including ours) have followed this dicta. E.g., Akins v. State, 691 So.2d 587, 588 (Fla. 1st DCA 1997) (stating that, “[i]n State v. Gray, ... the court ruled that an indictment or information failing to allege an essential element of a crime did not charge a crime and that this constitutes both denial of due process and fundamental error”). However, even if a charging document omits entirely one or more essential elements of the crime intended to be charged, it may still withstand challenge if it “references a specific section of the criminal code which sufficiently details all the elements of the offense.” DuBoise v. State, 520 So.2d 260, 265 (Fla.1988) (citing McClamrock v. State, 374 So.2d 1076 (Fla. 2d DCA 1979)). See also Fulcher v. State, 766 So.2d 243, 244-45 (Fla. 4th DCA 2000) (quoting from DuBoise ).
Here, the information did not “wholly omit[] to allege one or more of the elements of the crime” of accessory after the fact. On the contrary, it alleged all of the elements of that offense, essentially tracking the language of section 777.03(1). Rather, appellant’s argument is that the information is fundamentally defective because, although it alleges that appellant unlawfully maintained or assisted the principal knowing that the principal “had committed the felony of Second Degree Murder with a Firearm,” it failed also either to allege all of the elements of second-degree murder or to cite to section 782.04(2), Florida Statutes. As far as we have been able to determine, this is an issue of first impression.
We do not think that this case is controlled by Gray and its progeny because the information did not “wholly omit[]” any essential element of the offense of accessory after the fact. Moreover, we do not think that this case presents one of those situations where the error is of such a magnitude that it “is equivalent to a denial of due process.” Rather, we believe that the information adequately alleged the offense of accessory after the fact. We have carefully reviewed the record, and are satisfied that appellant fully understood the charge against him and was able to mount a defense to that charge. Accordingly, we conclude that the information was not fundamentally defective, and affirm. However, because a broad reading of the dicta in Gray might be determined to lead to the opposite result, we certify to our supreme court the following question, which we believe to be of great public importance:
WHEN CHARGING THE OFFENSE OF ACCESSORY AFTER THE FACT, DOES FUNDAMENTAL ERROR OCCUR IF, ALTHOUGH THE INDICTMENT OR INFORMATION ALLEGES THE ELEMENTS OF THE OFFENSE AS SET OUT IN SECTION 777.03 AND IDENTIFIES THE OFFENSE ALLEGEDLY COMMITTED BY THE PRINCIPAL OR ACCESSORY BEFORE THE FACT, IT FAILS ALSO EITHER TO ALLEGE THE ELEMENTS OF THE OFFENSE ALLEGEDLY COMMITTED BY THE PRINCIPAL OR ACCESSORY BEFORE THE FACT, OR TO CITE THE STATUTE THAT PROSCRIBES THAT OFFENSE? Affirmed.
BROWNING and LEWIS, JJ„ Concur.