GRIFFIN, J.
 

 Jeremy Ferrara [“Ferrara”] appeals his conviction of burglary of a dwelling for stealing a screen door and attempting to steal copper tubing from the air conditioning unit of a vacant residence. He mainly contends that he cannot be convicted of burglary of a dwelling because he did not enter the structure. We affirm.
 

 On October 19, 2007, between 5 and 6 a.m., Ralph Philbin, an employee of the St. Petersburg Times, was standing outside the Times building when he noticed a dark colored car pull into the carport of the unoccupied property across the street. The employed then heard a loud noise, and he called 911. The car remained at the
 
 *1034
 
 dwelling for about five minutes and then it departed.
 

 In response to the dispatch of a burglary in progress, Detective Brian Mott approached the residence. As he was approaching, he saw a dark colored pick-up truck departing. The truck accelerated to seventy-five miles per hour, then made an abrupt u-turn and stopped. The driver fled on foot. A search of the vehicle revealed Ferrara’s identification and a screen door in the bed of the truck.
 

 Meanwhile, Deputy Jill Morrell was the first officer at the premises. She heard a hissing sound, which she determined to be the sound of Freon escaping from an outdoor air conditioner situated underneath the roof of an attached carport. The air conditioner had been pulled away from the house and the copper wiring had been cut. She then went around to the front of the house and found that a screen door appeared to have been removed from its hinges. She did not find any other signs of forced entry.
 

 Ferrara contends that the trial court erred in denying his motion for judgment of acquittal on the burglary of a dwelling charge because the evidence was insufficient to support a conviction for burglary of a dwelling. Specifically, he contends that the State failed to prove that a burglary of a dwelling occurred with regard to either the screen door or the copper tubing from the air conditioner because neither involved an entry into the house, an attached porch, or the curtilage.
 

 To prove a burglary of a dwelling, the State needs to prove that a defendant entered a dwelling with the intent to commit an offense therein.
 
 See
 
 § 810.02, Fla. Stat. (2008). Section 810.011(2), Florida Statutes (2008), defines “dwelling” as: “a building or conveyance of any kind,
 
 including any attached porch,
 
 whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night,
 
 together with the curtilage
 
 thereof.... ” (Emphasis added). The standard jury instructions define “dwelling” as “a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it.” Fla. Std. Jury Instr. (Crim.) 13.1 Burglary. It also provides that the entry necessary “need not be the whole body of the defendant. It is sufficient if the defendant extends any part of the body far enough into the [structure] to commit [burglary].”
 
 Id.
 

 Ferrara contends that, because the property was not enclosed, going to the front door of the house and removing the screen door did not constitute entry into a dwelling under the burglary statute. In
 
 Weber v. State,
 
 776 So.2d 1001 (Fla. 5th DCA 2001), the defendant was convicted of burglary of a dwelling for stealing a ceiling fan lying on a cement slab. The slab adjoined the rear of the apartment, had a roof over it and was supported by posts. This Court held that the slab from which the fan was stolen qualified as an attached porch pursuant to section 810.011(2), Florida Statutes.
 
 Id.
 
 at 1003. Here, similar to
 
 Weber,
 
 Ferrara had to enter a covered porch at the front of the residence to steal the door. The front porch is part of the dwelling as defined under section 810.011(2), Florida Statutes.
 
 [1]
 
 By entering
 
 *1035
 
 the attached porch to steal the screen door, Ferrara committed a burglary.
 

 Ferrara also asserts that he is entitled to a judgment of acquittal with regard to the copper tubing attached to the outside air conditioner because the carport where the air conditioner is located is neither an “attached porch,” nor within the curtilage of the home. Ferrara asserts that the trial court’s reliance on
 
 State v. Burston,
 
 693 So.2d 600 (Fla. 2d DCA 1997), and
 
 Small v. State,
 
 710 So.2d 591 (Fla. 4th DCA 1998) in denying his motion was error. In
 
 Burston,
 
 the Second District Court of Appeal determined that an attached carport, similar to the carport in this case, constituted part of the curtilage of the dwelling. There, the defendant was charged with burglary of a dwelling for stealing a lawnmower from a carport. The carport was contiguous to the home and consisted of a cement slab, a roof that was flush with the roof of the dwelling, and four aluminum poles supporting the roof. The carport, no longer used for storing vehicles, shared a wall with the dwelling and the kitchen door opened onto the carport.
 

 In
 
 Small,
 
 the defendant was charged with burglary of a
 
 structure.
 
 The subject of the charge was an open carport that was attached to a residence. The carport shared one wall with the residence and was otherwise supported only with poles. The Fourth District Court of Appeal held that the open carport was not a “structure” for purposes of the burglary statute. It held that the carport was not itself an independent structure, as defined in section 810.011, because it had only one wall. It also held that the carport was not “an integral part of the main structure, such that entry into the carport constitutes entry into the structure.” 710 So.2d at 593. Lastly, the court did not find that the carport constituted “curtilage of the residence” as suggested by the State.
 
 Id.
 
 Importantly, the basis for the
 
 Small
 
 court’s conclusion was that the defendant was charged with burglary of a structure and not burglary of a dwelling. The
 
 Small
 
 court noted in its opinion that had the defendant been charged with burglary of a dwelling, the court would have agreed that the carport would have been a burglariza-ble portion of the dwelling. The
 
 Small
 
 court would have determined that the carport was an “attached porch,” where the
 
 Burston
 
 court determined that the carport constituted curtilage of the dwelling. Either way, we hold that a carport attached to a dwelling is a burglarizable part of the dwelling. Ferrara’s conviction was proper.
 

 AFFIRMED.
 

 MONACO, C.J. and TORPY, J., concur.
 

 [1]
 

 . Ferrara also claims that the Stale never presented any evidence that the screen door was affixed to the front of the house at the
 
 *1035
 
 time it was stolen. We find the evidence, though circumstantial, is sufficient.