EMAS, J.
Frederic Pickett appeals the trial court’s denial of his motion for new trial on the charge of witness tampering, contending that the jury was improperly instructed on a theory of the crime not charged in the information, and that this unpreserved error is fundamental, requiring a new trial. We affirm.
The evidence at trial established that on March 5, 2009, Pickett and Crystal Hawkins were arguing in Hawkins’ house. The argument escalated, and Hawkins attempted to leave her house. Pickett proceeded to punch Hawkins twice in the stomach. Hawkins had previously told Pickett that she was six weeks’ pregnant. These events formed the basis for the charge of aggravated battery on a pregnant victim.
Several days later, Pickett and Hawkins were involved in another argument. As the argument escalated, Hawkins tried to leave her house. Pickett aimed a gun at her face and demanded that she come back inside the house. Hawkins returned to the house and, after further argument and threats by Pickett, Hawkins left the house, picked up her children from a neighbor’s house and headed for the bus stop. Pickett followed Hawkins to the bus stop and called Hawkins on her cell phone after Hawkins got on the bus, telling Hawkins that he was coming after her. Hawkins then got off the bus and called the police. A police officer responded to the scene and, using Hawkins’s cell phone, called Pickett to hear his side of the story. According to the officer, Pickett became belligerent over the'phone. Hawkins stayed at a friend’s house that night and went to the police station the next day for further assistance. The police placed Hawkins and her children in a domestic violence shelter where they lived for three months. These events formed the basis for the charge of armed false imprisonment.
On April 7, 2009, Pickett called Hawkins, threatening that “if he found out that the police were looking for him, he was going to F me up. And if he found out he [was] getting prison time, he [was] going to send somebody to kill me.” This phone call formed the basis for the charge of tampering with a witness.
On April 15, 2009, Pickett was taken into custody, and was later charged in a five-count information. Relevant for our pur *843 poses,[1] Pickett was charged in Count One with aggravated battery on a pregnant victim (a second-degree felony), in Count Four with armed false imprisonment (a second-degree felony), and in Count Five with tampering with a witness or victim in an investigation of a second-degree felony (thereby making Count Five a first-degree felony).
As to the tampering charge, the information read in pertinent part:
FREDRIC FREEMAN PICKETT, JR., on or about April 7, 2009, did unlawfully and knowingly threaten or attempt to threaten a victim, to-wit: CRYSTAL HAWKINS with the intent to cause or induce said person to withhold testimony, ... from an official investigation or official proceeding ... or hinder, delay, or prevent the communication to a law enforcement officer or judge of information relating to the commission or possible commission of an offense ... when said official investigation or official proceeding affected is the investigation or prosecution of a second degree felony, to wit: AGGRAVATED BATTERY ON A PREGNANT PERSON AND/OR ... FALSE IMPRISONMENT, in violation of s. 914.22(1) and s. 914.22(2)(c), Fla. Stat.
At trial, the following jury instruction was given:
Tampering with a victim. To prove the crime of tampering with the victim, the state must prove the following three elements beyond a reasonable doubt.
[[Image here]]
Then the third element is, he did so during an official investigation or prosecution for aggravated battery on a pregnant victim, and/or armed false imprisonment.
Pickett contends that the jury was improperly instructed that it could convict him of tampering with an armed, false imprisonment investigation (a second-degree felony), where the information alleged interference with a false imprisonment investigation (a third-degree felony).[2] Although Pickett concedes that he expressly agreed to the giving of the above instruction, Pickett argues that the instruction constitutes fundamental error, and that such error necessitates a new trial on the tampering charge. We disagree.
Jury instructions are “subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred.” Reed v. State, 837 So.2d 366, 370 (Fla.2002) (quoting State v. Delva, 575 So.2d 643, 644 (Fla.1991)). “Fundamental error occurs when the omission or inclusion in the instruction is material to what the jury must consider in order to convict.” Delva, 575 So.2d at 645 (quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982)). In the case at bar, however, Pickett did not simply fail to preserve this issue by failing to object, but expressly agreed to the instruction he now claims was erroneously given.
Even if an erroneous jury instruction constitutes fundamental error, this Court has held that the error is deemed waived if *844 counsel requests, or affirmatively accepts, the erroneous jury instruction. Martinez v. State, 98 So.3d 1190 (Fla. 3d DCA 2012); Jimenez v. State, 994 So.2d 1141, 1142-43 (Fla. 3d DCA 2008); Falwell v. State, 88 So.3d 970 (Fla. 5th DCA 2012); Tindall v. State, 997 So.2d 1260, 1261 (Fla. 5th DCA 2009). During the charge conference, when the court explained that it added the word “armed” to the false imprisonment language of the tampering instruction, to determine the degree of the felony under investigation, defense counsel replied: “That’s fine.” In doing so, Pickett waived his right to raise this issue on appeal.
Even if no waiver had occurred by Pickett’s affirmative consent to the jury instruction, the giving of the instruction was not fundamentally erroneous. Pickett argues that including the word “armed” in the instruction, when the word “armed” was not expressly included in the tampering count of the information, permitted the jury to convict Pickett on an “alternative theory” not charged in the information, resulting in a denial of due process, and was thus was fundamental error. We do not agree.
The instruction did not permit the jury to convict the defendant on an alternative theory not charged in the information.[3] To determine whether Pickett’s due process rights were denied, we focus our analysis first on whether the information wholly failed to charge a crime under the laws of the state. See Baker v. State, 4 So.3d 758 (Fla. 1st DCA 2009) (citing State v. Gray, 435 So.2d 816 (Fla.1983)). If the answer is “no,” whether the charging document failed to adequately place Pickett on notice of the nature of the tampering charge, such that he was unable to properly prepare a defense to the charge. Baker, 4 So.3d at 758. Even where a charging document omits an essential element, it may still be found sufficient if it “references a specific section of the criminal code which sufficiently details all the elements of the offense.” Id. at 761 (quoting DuBoise v. State, 520 So.2d 260, 265 (Fla.1988)).
The charge of tampering with a witness or victim is a “derivative offense,” in that the degree of the tampering offense is based upon, and increased one degree from, the underlying crime or crimes under investigation. Section 914.22(2), Florida Statutes (2010), provides the following penalties for tampering:
(2) Tampering with a witness, victim, or informant is a:
(a) Felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, where the official investigation or official proceeding affected involves the investigation or prosecution of a misdemeanor.
(b) Felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, where the official investigation or official proceeding affected involves the investigation or prosecution of a third degree felony.
(c) Felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, where the official investigation or official proceeding affected involves the investigation or prosecution of a second degree felony.
*845 Because the underlying investigation involved second-degree felonies, Pickett’s tampering charge constituted a first-degree felony. A review of the charging document reveals that the information properly charged a crime, and gave Pickett adequate notice of the nature and elements of the offense to permit him to defend the charge. This is made plain by a review of the three relevant counts:
Count One of the charging document alleged Pickett committed aggravated battery upon a pregnant victim and specifically cited section 784.045(l)(b), Florida Statutes (2009). In the caption on the first page of the information, Count One was titled “AGGRAVATED BATTERY-PREGNANT VICTIM 784.045(l)(b) Fel.2D.”
Count Four of the charging document alleged Pickett committed false imprisonment, and further alleged that “during the commission of the offense, said defendant possessed a firearm or destructive device and/or during the commission of such felony, said defendant carried, displayed, used, threatened, or attempted to use a weapon, to wit: A FIREARM, in violation of s. 787.02(2)[4] and 775.087[5], Fla. Stat.” In the caption on the first page of the information, Count Four alleged “FALSE IMPRISONMENT/ARMED 787.02(2) & 775.087 FEL 2D.”
Count Five alleged Pickett committed tampering with a witness or victim in the “investigation or prosecution of a second degree felony, to wit: aggravated battery on a pregnant person and/or ... false imprisonment, in violation of s. 914.22(1) and 9U.22(2)(c).”[6] (emphasis added). In the caption on the first page of the information, Count Five alleged “TAMPER/WIT/VIC/2D DEGREE FELONY S. 914.22(2)(c) FEL ID.”
The allegation that Pickett was armed in the course of committing false imprisonment was not an essential element of the crime of simple false imprisonment.[7] Rather, the allegation that Pickett was armed in the course of committing false *846 imprisonment could (if proven at trial) be used to reclassify his offense from a third-degree felony to a second-degree felony. This was made clear by the express allegations in Count Four as . described above, and the statutory references to the firearm reclassification statute, section 775.087. .We conclude that the charging document did not wholly fail to charge a tampering offense, nor did it omit an essential element of the crime charged, as the body of the information, together with the caption and the statutory references, properly alleged the offense of tampering.
Further, the allegations contained in the information placed Pickett on adequate notice of the nature of, and penalties for, the charge in Count Five (tampering), which derived from the underlying investigation into, and prosecution of, the aggravated battery and armed false imprisonment charges contained in the other counts of the information.
Had Pickett believed that the information failed to properly charge a crime, or otherwise failed to provide adequate notice of the crime charged or possible penalties, the Rules of Criminal Procedure provided him with two pretrial remedies: a motion for statement of particulars under rule 3.140(n), or a motion to dismiss under rule 8.190(c). The former rule provides:
The court, on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense. The statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney.
Fla. R. Crim. P. 3.140(n). There is nothing in the record to indicate that Pickett sought a statement of particulars. Nor is there anything in the record indicating that Pickett moved to dismiss the information before trial, based upon the now-asserted defects. Had he done so, Rule 3.140(o) would have guided the trial court’s determination of whether dismissal was appropriate:
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of mis-joinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Pickett has failed to establish that the information wholly failed to charge a crime or was impermissibly vague, indistinct and indefinite. Indeed, Pickett has not, and cannot, establish any prejudice from the language of the charging document. It is clear that the caption and body of the information contained:
all the elements of the offense pleaded in terms sufficient enough to apprise the accused of what he must be prepared to meet, and ... pleaded in such a manner as to enable the defendant to plead prior jeopardy as a defense if additional charges are brought for the same offense.
Battle v. State, 365 So.2d 1035, 1037 (Fla. 3d DCA 1978).
Affirmed.

.' Pickett was also charged with possession of a firearm by a convicted felon and aggravated assault with a firearm. Pickett was acquitted of the aggravated assault charge. The charge of possession of a firearm by a convicted felon was bifurcated from the trial on the other charges and was later nolle prossed by the State.

. As discussed infra, the degree of the underlying offense being investigated or prosecuted determines the degree of (and thus the maximum sentence for) the offense of witness tampering.

. For this reason, the cases cited by Pickett in support of his "alternative theory" argument are inapposite. See, e.g., Jomolla v. State, 990 So.2d 1234 (Fla. 3d DCA 2008); Brown v. State, 41 So.3d 259 (Fla. 4th DCA 2010); Calloway v. State, 37 So.3d 891 (Fla. 1st DCA 2010).

. Section 787.02 provides in relevant part:
(1)(a) The term "false imprisonment” means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will.
(2) A person who commits the offense of false imprisonment is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. Section 775.087 provides in relevant part:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a)In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.

. Section 914.22(1) defines the crime of tampering; section 914.22(2)(c) specifically provides that the tampering offense is a "[f]elony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, where the official investigation or official proceeding affected involves the investigation or prosecution of a second degree felony.”

. If it were an "essential element" of the crime, the firearm reclassification statute could not be applied. See § 775.087(1), Fla. Stat. (2010) (a felony may be reclassified "whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm ...”) (emphasis added).