FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-2165

_____

JONATHAN A. BRANCH,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____

On appeal from the Circuit Court for Dixie County.
Mark E. Feagle, Judge.

March 18, 2026


PER CURIAM.

Following his conviction and 25-year sentence for burglary of a dwelling with damage in excess of $1,000 in violation of section 810.02(2)(c)2., Florida Statutes (2023), Appellant challenges the denial of his motion for judgment of acquittal. Appellant claims that the evidence at trial showed only that he remained underneath the elevated home while a codefendant went upstairs and entered the living area. Appellant argues that there was insufficient evidence to show he was a principal to the crime committed by the codefendant.

The boilerplate motion for judgment of acquittal made by Appellant's trial counsel was insufficient to preserve the argument now made by appellate counsel. *See Brooks v. State*, 762 So. 2d

879, 895 (Fla. 2000) (quoting Fla. R. Crim. P. 3.380(b)) (a motion for judgment of acquittal "must fully set forth the grounds on which it is based"). Even if preserved, Appellant's argument here would be meritless. The jury had evidence that Appellant entered the "dwelling" as defined by section 810.011(2), Florida Statutes. Entering the area underneath a home can qualify as the necessary entry to meet that element of a burglary. *See Tindall v. State*, 997 So. 2d 1260, 1261 (Fla. 5th DCA 2009) (affirming conviction of burglary when the perpetrator entered the crawl space underneath a house and removed copper pipe because the perpetrator "penetrated the invisible, vertical plane into the airspace of house"). The video and photographs of the area underneath the home, admitted at trial, showed that the area functioned both as an attached porch, part of the statutory definition of a dwelling in section 810.011(2), and as a carport, which has been held to meet the definition of a dwelling. *See Medrano v. State*, 199 So. 3d 413, 416 (Fla. 4th DCA 2016); *Ferrara v. State*, 19 So. 3d 1033, 1035 (Fla. 5th DCA 2009); *State v. Burston*, 693 So. 2d 600, 601 (Fla. 2d DCA 1997).

AFFIRMED.

OSTERHAUS, C.J., and BILBREY and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Ryan Edward McFarland of Kent & McFarland, Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Adam B. Wilson, Assistant Attorney General, Tallahassee, for Appellee.